CASE NO. 15-10590

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————————

UNITED STATES OF AMERICA

*Plaintiff-Appellee,*

v.

SHAUN W. BRIDGES

*Defendant-Appellant.*

————————————

## DEFENDANT-APPELLANT'S EXCERPTS OF RECORD
## VOLUME 2, PAGES 127-196

————————————

Appeal From a Judgment of the
United States District Court for the Northern District of California
Case No. 3:15-cr-00319-RS The Honorable Richard Seeborg,
United States District Judge

————————————

HANSON BRIDGETT LLP
Davina Pujari, SBN 183407
Emily M. Charley, SBN 238542
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for Defendant-Appellant
Shaun W. Bridges

12572496.1

# UNITED STATES OF AMERICA V. SHAUN W. BRIDGES

## Appeal No. 15-10590

### Volume 2

NOTICE OF APPEAL, December 15, 2015 (Dkt #103) .................................... 127

SENTENCING MEMO ON BEHALF OF U.S.A., November 30, 2015
(Dkt. #94) ........................................................................................ 129

SENTENCING MEMO ON BEHALF OF SHAUN BRIDGES,
November 30, 2015 (Dkt. #93) ........................................................ 141

WAIVER OF INDICTMENT, August 31, 2015 (Dkt #59) .............................. 155

INFORMATION, June 16, 2015 (Dkt #36) ........................................................ 156

PLEA AGREEMENT, June 15, 2015 (Dkt #60) ................................................ 164

DOCKET SHEET, Case No. 3:15-cr-00319-RS ............................................... 176

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:15-cr-00319 RS |
| | : | |
| SHAUN W. BRIDGES | : | |
| | : | |
| | : | |

...oOo...

## NOTICE OF APPEAL

Notice is hereby given that Shaun W. Bridges, the defendant in the above-captioned case, appeals to the United States Court of Appeals for the Ninth Circuit from the final judgment, as to his conviction and sentence, entered in this action on the 7th day of December, 2015.

Respectfully submitted,

December 15, 2015
Date

_____/s/_____Steven Hale Levin
Steven H. Levin
Levin & Curlett LLC
201 N. Charles Street
Suite 2000
Baltimore MD 21201
(410) 685-0078
slevin@levincurlett.com
*(Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served on this 15$^h$ day of December

2015, to all parties via ECF.

__/s/_____
Steven H. Levin
Attorney for the Defendant

1   BRIAN STRETCH (CABN 132612)
    Acting United States Attorney
2

    DAVID R. CALLAWAY (CABN 121782)
3   Chief, Criminal Division

4   KATHRYN HAUN (DCBN 484131)
    WILLIAM FRENTZEN (LABN 24421)
5   Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
7       Telephone: (415) 436-7200
         FAX: (415) 436-7234
8       Kathryn.haun@usdoj.gov
         William.frentzen@usdoj.gov
9

    RAYMOND N. HULSER (MABN 551350)
10  Chief, Public Integrity Section

11  RICHARD B. EVANS (DCBN 441494)
    Trial Attorney
12

       1400 New York Avenue, N.W.
13     Washington, D.C. 20005
        Telephone: (202) 353-7760
14     Richard.B.Evans@usdoj.gov

15  Attorneys for United States of America

16

17                UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19                 SAN FRANCISCO DIVISION

20

21  UNITED STATES OF AMERICA      )  NO. CR 15-CR 319-001 RS
                        )
22       v.                 )  UNITED STATES' SENTENCING
                        )  MEMORANDUM
23  SHAUN W. BRIDGES          )
    (A/K/A "NUMBER 13"),        )
24                        )  Date: December 7, 2015
        Defendant.         )  Time: 3:00 p.m.
25                        )

26

27       "*Worthy of Trust and Confidence*" – The motto of the U.S. Secret Service
28

                            1

1      The defendant, former Secret Service Special Agent Shaun W. Bridges, stands to be sentenced on

2 his convictions following guilty pleas for (1) money laundering, in violation of 18 U.S.C. § 1957; and (2)

3 obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2).

4      The government concurs with the Probation Department's description of the offense conduct and

5 its calculation of the applicable sentencing Guidelines, which includes the application of a 2-level

6 enhancement for sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C). The appropriate Guidelines

7 range is 57 to 71 months, and neither a downward variance nor a low-end sentence is warranted in this

8 case. By his egregious conduct and flagrant abuse of his authority as a sworn law enforcement officer,

9 Shaun Bridges has shown that he is not someone who deserves a sentence at or below the low end of the

10 Guidelines range. Rather, Shaun Bridges is someone who abused the public trust and tarnished the

11 reputation of law enforcement in the process. For those reasons and the others discussed below, the United

12 States seeks a high-end Guidelines sentence of 71 months' imprisonment – the same sentence

13 recommended by the Probation Department. *See* PSR, Sentencing Recommendation at p. 2. Such a

14 sentence is sufficient but not greater than necessary to achieve the sentencing goals the Court is statutorily

15 directed to take into account.[1]

16 **I.    THE APPLICABLE GUIDELINES RANGE**

17      The United States agrees with Probation's Presentence Report (PSR) that the adjusted offense level

18 is 28. *See* PSR ¶ 49. That offense level includes various sentencing enhancements, including an

19 enhancement for obstruction of justice with respect to the investigation of this offense. PSR ¶ 68. The

20 defendant has no prior criminal convictions, *see* PSR ¶¶ 55-6, putting him in a Criminal History Category

21 I. PSR ¶ 58. Accordingly, a total offense level 25 and a Criminal History Category I results in a range of

22 57 to 71 months under the U.S. Sentencing Guidelines. PSR ¶ 91.

23

24

25

26

---

27    [1] In determining the appropriate sentence, this Court must conduct a two-step inquiry: (1) first correctly calculate the applicable Guidelines range as the starting point, and then (2) assess the factors set forth in 18 U.S.C. § 3553(a) to fashion an individualized sentence that is sufficient, but not greater

28 than necessary, to achieve the aims of the sentencing statute. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

1

2

**A.  The PSR Accurately Applies A 2-level Enhancement For Sophisticated Means Under 2B1.1(b)(10)(C)**

3

Although the defendant does not object to the base offense level, he has lodged an objection,

4

without legal support, to the application of the sophisticated means enhancement under U.S.S.G. §

5

2B1.1(b)(10)(C).  On the contrary, the PSR accurately concludes that the offense in this case – money

6

laundering – involved sophisticated means.  *See* PSR ¶ 44.  Section 2B1.1(b)(10)(C) provides for a 2-

7

level enhancement where "the offense otherwise involved sophisticated means[.]"  The Application

8

9

Notes define sophisticated means as "especially complex or especially intricate offense conduct

10

pertaining to the execution or concealment of an offense . . . Conduct such as hiding assets or

11

transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial

12

accounts also ordinarily indicates sophisticated means."  Application Notes to 2B1.1(b)(10)(C); *see also*

13

*United States v. Young*, 537 F. App'x 777, 781 (9th Cir. 2013) (applying the enhancement where

14

defendant "used multiple accounts and corporations as part of his fraudulent scheme"); *United States v.*

15

*Horob*, 735 F.3d 866, 872 (9th Cir. 2013) (applying enhancement where defendant "manipulated several

16

people to lie for him, used several different bank accounts (including accounts of other people) to move

17

funds around, and fabricated numerous documents").  However, "[c]onduct need not involve highly

18

19

complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement" and

20

"the enhancement properly applies to conduct less sophisticated than the list articulated in the

21

application note." *United States v. Jennings*, 711 F.3d 1144, 1145, 1147 (9th Cir. 2013).

22

23

In this case, Bridges engaged in precisely the type of sophisticated means that the Application

24

Notes to 2B1.1(b)(10)(C) contemplated.  Bridges stole bitcoins from various Silk Road accounts using

25

the log-in credentials from one of the website's customer support representatives – a target whom they

26

had arrested – and transferred the bitcoins to Mt. Gox, an offshore bitcoin exchange company in Japan.

27

PSR ¶ 22.  Over several months, Bridges then made nine separate wire transfers – all under $100,000

28

each – totaling $822,851.19 from the offshore exchange to a Fidelity account in the name of Quantum

3

Case 3:15-cr-00319-RS   Document 94   Filed 11/30/15   Page 4 of 12

International Investments, LLC ("Quantum"), a shell corporation Bridges created in the United States, and for which he went to the trouble of filing LLC paperwork with the State of Maryland. PSR ¶¶23, 25. The sole and exclusive purpose of this LLC was to receive and hide these criminal proceeds. Bridges did not engage in garden-variety fraud; he employed sophisticated means through offshore accounts and shell corporations. Further, as the PSR notes, bitcoin is a sophisticated technology/currency. PSR ¶ 44. Accordingly, this Court should apply the 2-level enhancement for sophisticated means.

**B.      Alternatively, The Court Could Apply A 2-level Enhancement Under 2B1.1(b)(10)(B) Because A Substantial Part Of The Fraud Was Committed Outside The United States**

Even if the sophisticated means enhancement did not apply, a 2-level enhancement still would be appropriate because "a substantial part of a fraudulent scheme was committed from outside the United States[.]" U.S.S.G. § 2B1.1(b)(10)(B). Substantial means "an important material matter, thing, or part[.]" *United States v. Ogunbanke*, No. 13-50600, 2015 WL 4523215, at *1 (9th Cir. July 27, 2015); *see also United States v. Bagby*, 550 F. App'x 364, 365 (9th Cir. 2013) (applying 2B1.1(b)(10)(B) where, *inter alia*, there was evidence of a wire transfer between the U.S. and the U.K. as well as other cross-border activity); *United States v. Fauncher*, 464 F. App'x 674, 675-76 (9th Cir. 2012) (applying 2B1.1(b)(10)(B) where defendant knew funds from a multi-level phishing scheme came from overseas). To apply, the fraudulent scheme need not originate from outside the United States. *See United States v. Singh*, 291 F.3d 756, 761 (11th Cir. 2002).

In this case, a substantial part of the fraudulent scheme was committed in Japan. Bridges stole bitcoins from Silk Road accounts and transferred them to an offshore bitcoin exchange in Japan where they remained for several months before he converted the bitcoins to cash and transferred the funds from Mt. Gox to a Fidelity account in the United States. PSR ¶¶ 22-23, 25. Storing the bitcoins in Japan was a substantial part of the fraudulent scheme because it allowed Bridges to conceal the bitcoins before

4

1   converting them to cash, which he then transferred to the United States.  To be sure, the fraudulent

2   scheme originated in the United States when Bridges stole the bitcoins; however, a scheme need not

3   originate from outside the United States in order for 2B1.1(b)(10)(B) to apply.  *Id.*  Moreover, the use of

4   Mt. Gox required law enforcement in this investigation to engage with foreign law enforcement and

5   ultimately travel to Japan to solve this crime.  That expense and barrier to solving the crime warrants

6   extra punishment because there were real world consequences – it is not a simple technical application

7   of the Guideline.  Incredibly, just days after using Mt. Gox to accomplish his scheme, Bridges served as

8   the affiant on a seizure warrant for Mt. Gox in which millions of dollars were seized by U.S. authorities.

9   Accordingly, this Court could also apply the 2-level enhancement because a substantial part of the fraud

10  was committed outside of the United States.

11

12

13  **II.    LEGAL FRAMEWORK**

14          In sentencing the defendant, this Court must consider the factors set forth in 18 U.S.C. § 3553(a)

15  including: the nature and circumstances of the offense, the history and characteristics of the defendant, the

16  kinds of sentences available, the sentencing Guidelines range, the need to avoid unwarranted sentencing

17  disparities, and the need to provide restitution to victims of the offense.  Those goals include the need to

18  reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for

19  the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of

20  the defendant; and to provide the defendant with needed educational or vocational training, medical care,

21  or other correctional treatment in the most effective manner.  *See* 18 U.S.C. § 3553(a).

22

23  **III.   APPLICATION OF THE SENTENCING FACTORS COMPELS A HIGH END
        SENTENCE IN THIS CASE**

24         **A.     The Offense Conduct Is Particularly Egregious As It Erodes Public Confidence In
                The Criminal Justice System And Tarnishes Law Enforcement**

25          The Court is already familiar with the detailed charging document that discusses the defendant's

26  conduct and it also sat through his lengthy plea colloquy.  Suffice it to say that Bridges' betrayal of the

27  public trust in this case is astonishing, as evidenced by the following conduct:

28

5

**page 133**

1     ➢ Stealing and converting to his own personal use hundreds of thousands of dollars' worth

2         of bitcoins while operating in his official capacity as an agent on the Baltimore Silk Road

3         Task Force;

4     ➢ Transferring the stolen bitcoins overseas to Mt. Gox, a bitcoin exchange operating in

5         Japan;

6     ➢ Converting the bitcoins to cash totaling more than $820,000, which he transferred via

7         nine separate wires to a corporate account he owned at Fidelity;

8     ➢ Using his official position to illegally run FINCEN checks to determine whether any

9         Suspicious Activity Reports (SARs) had been filed by Fidelity regarding his wire

10        transfers into his Quantum account all while employed as a federal agent;

11     ➢ Compromising his office's investigation by burning a website customer support

12        representative, whom they could have used to further infiltrate the Silk Road website;

13     ➢ Serving as the affiant on a seizure warrant against Mt. Gox a mere two days after

14        transferring the last of his criminal proceeds out of the bitcoin exchange; and

15     ➢ Trying to cover his tracks by placing one of his computers in a "wipe" area used to delete

16        data from computers and lying about all of the foregoing conduct to federal prosecutors

17        and agents.

18       In addition, the government believes that defendant Bridges' sentence should be severe given his

19 treatment of the cooperator, GC, in this case. Bridges did not simply steal from Silk Road, he stole from

20 Silk Road and the operator of Silk Road -- whom Bridges knew by his online moniker, "Dread Pirate

21 Roberts" -- through the administrator account of CG. Of course, Ulbricht and a Silk Road administrator

22 believed that CG had stolen from them since they were unaware that CG was cooperating and had given

23 Bridges access to his account. Being a wealthy and dangerous operator of a narcotics trafficking site,

24 Ulbricht responded in a predictable way to the perceived thefts by CG – he looked for associates to

25 murder CG. Bridges was aware that Ulbricht wanted to murder CG almost immediately because

26 Bridges assisted Force and other agents in faking CG's death. Bridges did nothing to prevent Ulbricht's

27 belief – and the belief of the other agents and the AUSAs – that CG was the actual thief. The AUSAs

28 announced that they would not provide CG with a 5K recommendation due to their belief that he had

**page 134**

stolen from Silk Road while promising to be a cooperator.  CG protested, but the agents and AUSAs did not believe that one of their own could have been responsible for the theft and did not believe him.  That Ulbricht contracted Force's UCE legend of Nob to murder CG was fortuitous because Nob could obviously control his part of the situation by not murdering CG but letting Ulbricht believe that CG had been murdered by Nob.  But Bridges did not know that would be the result.

In addition, law enforcement is aware that Ulbricht did not limit his solicitation to murder CG to Force/Nob.  Ulbricht actively contacted other Silk Road users that Ulbricht believed could murder CG.  That was an eventuality that Bridges, of course, foresaw.  The solution for the agents was to order CG not to leave his house until Ulbricht was apprehended almost a year later.  CG was confined to his home in fear for his safety day after day.  Had the New York-based investigation not located and arrested Ulbricht when it did, CG could have been left to the equivalent of house arrest up to this very day.

This type of abuse of a cooperator is absolutely unforgivable.  Bridges allowed his greed and deception to endanger the life of a man who was actively striving to assist the Baltimore Silk Road Task Force with its investigation.  When it was obvious to Bridges that his actions were endangering CG's safety and his ability to receive credit for his cooperation, through the threats to withdraw the 5K recommendation, Bridges did nothing.  He did not act to save CG and he did not act to correct the misimpression that CG was responsible for the thefts.  Bridges could not even bring himself to face CG again, as he flew home on the morning after the thefts and did not even participate in the second day of the proffer as CG was grilled by the other investigators about his role in the thefts.  This type of abuse of a vulnerable cooperator strikes a powerful chord with prosecutors and law enforcement who rely on these types of relationships to solve crimes.  This type of abuse cannot be taken lightly by federal law enforcement or the Court.  Bridges should be sentenced on the basis of his abuse of CG along with his fraudulent and deceitful conduct.

In allowing Bridges to become a Special Agent with the United States Secret Service, the United States entrusted him to act in a manner consistent with standards becoming a sworn law enforcement officer, namely to protect and serve the public.  As demonstrated by the facts in this case, Bridges failed miserably on both counts.  Likewise, he also proved that he was not deserving of the Secret Service's motto:  "Worthy of Trust and Confidence."

**B.     Defendant's Conduct Was Not A Single Lapse in Judgment But A Continued Course of Conduct**

This Court comes across plenty of defendants who have committed a single -- yet significant -- error in judgment who might deserve a break when it comes time for sentencing. This is not one of those defendants. Like Force, Bridges' crimes do not represent a "one-off" where he experienced a momentary lapse of judgment. Instead, Bridges committed crimes over the course of many months (if not years) during which he had time to reflect on what he was doing over and over again, and to come forward and it admit his crimes. Yet instead of ceasing his misconduct after one incident, he continued with impunity until he was caught. His was an extremely calculated effort, designed to avoid detection for as long as possible, ironically using the very skills (e.g., computer skills) that he learned on the job and at the public's expense.

As a member of the Baltimore Silk Road Task Force, Bridges was assigned to, among other responsibilities, forensic computer investigations in an effort to locate, identify, and prosecute targets of the task force, including Ross Ulbricht, and other vendors, buyers, and administrators on Silk Road. *See* Plea Agreement, Dkt. No. 60 at p.4  In his role performing forensic computer analysis, Bridges investigated a customer support representative on Silk Road, "C.G.," in connection with C.G. assisting in the delivery of approximately one kilogram of cocaine to an undercover identity controlled by Carl Force, another task force member. On January 17, 2013, Bridges participated in a search and arrest of C.G. for possession with intent to distribute cocaine. PSR ¶ 15.

On January 25, 2013, Bridges participated in an interview of C.G. During the interview, C.G. described his administrator access to Silk Road as a customer support representative and his ability to reset passwords and pins of account holders on Silk Road. C.G. also shared his administrator access and password with the interviewing agents. Later that day, Bridges accessed Silk Road through a computer utilizing C.G.'s administrator access. Bridges reset passwords and pins of various accounts on Silk Road and moved bitcoin from those accounts into a "wallet" he controlled. In this manner, Bridges fraudulently moved and stole approximately 20,000 bitcoin from Silk Road and Silk Road accounts. On January 26, 2013, Bridges moved the stolen bitcoin into an account at Mt. Gox, an online digital currency exchange based in Japan. Dkt. No. 60 at p.4.

8

1    On January 26, 2013, Ulbricht learned that C.G.'s access to Silk Road had been used to

2 fraudulently transfer bitcoin from Silk Road into a wallet. Ulbricht canceled CG's administrator access

3 to Silk Road. Later that day, Ulbricht communicated with Force's undercover persona, "Nob," and

4 sought to hire "Nob" to murder C.G. in retaliation for the bitcoin thefts. On January 27, 2013, Bridges,

5 acting as an undercover persona on Silk Road, "Number13," communicated with Ulbricht in an effort to

6 falsely and fraudulently prevent Ulbricht from learning who had committed the theft from Silk Road.

7 Using the "Number13" persona, Bridges communicated that he had been the victim of the theft, rather

8 than its perpetrator, and that he wanted his bitcoin returned to him. *Id.*

9    On February 12, 2013, Bridges formed Quantum and registered it with the Maryland Secretary of

10 State. On February 22, 2013, Bridges opened a personal investment account at Fidelity under the

11 Quantum name but controlled by Bridges. Between March 6, 2013, and May 7, 2013, Bridges

12 liquidated the bitcoin in the Mt. Gox account, proceeds of the Silk Road fraud, into U.S. Currency and

13 transferred the money into his Quantum Fidelity account via nine separate wire transfers, each one under

14 $100,000. Subsequently, during June of 2014, Bridges transferred money from the Quantum Fidelity

15 account into a joint bank account in his name and that of another person. *Id.*

16
17    Bridges had an opportunity to come clean for his crimes and take responsibility when, in November

18 2014, he was interviewed by federal prosecutors and agents. He was asked about his role in some of this

19 conduct and he lied repeatedly during a lengthy interview. This forced the government to conduct an

20 intricate and time-intensive investigation, taking resources away from other cases in the process.

21 Although Bridges ultimately admitted his conduct, he did not do so for over a year and only after he knew

22 he would be charged. The Court should take into account that the defendant's offenses were a continued

23 course of conduct that spanned a relatively long period of time, a period in which there was ample

24 opportunity for the defendant to reflect on what he had been doing and realize it was very wrong.

25    **C.    Defendant's Conduct Jeopardized A Sensitive, Multi-Year, Multi-Agency**
      **Investigation**

26    Like Force, Bridges was part of the Baltimore Silk Road Task Force, which, together with the U.S.

27 Attorney's Office for the District of Maryland, had been building a case against the Silk Road operator,

28 i.e., Ross Ulbricht. This task force comprised numerous agencies – IRS, USPIS, DEA, and HSI – and it

had been working on the investigation into the Silk Road for years. Given Bridges' role as the computer forensics expert on the task force, it was obvious to Bridges that he might be a key witness for the government in any future prosecution in Maryland. In stealing bitcoins from the Silk Road website and compromising a website administrator who was willing to cooperate with the investigation, Bridges not only made that evidence unavailable to the Baltimore prosecution, he tampered with key evidence that would presumably form some of the government's case at any eventual trial. Rather than working to take down the Silk Road – what he was being paid with taxpayer dollars to do – Bridges worked to line his own pockets with more than $820,000. In so doing he acted with reckless disregard for the potential for his actions to jeopardize the murder-for-hire and drug conspiracy case that the District of Maryland brought against Ulbricht.

### D.   A Lengthy Prison Sentence Is Needed To Promote Both Deterrence And Promote Respect For the Law

A long sentence is also important to afford adequate deterrence to criminal conduct in the future – not only by Bridges – but by any other would-be corrupt official within the government. The Court should send a message that this kind of conduct will be met with a harsh penalty in the form of a lengthy prison sentence. Because a trustworthy workforce is absolutely essential to the mission of the Secret Service and the myriad other federal and state agencies who serve the public, deterring this kind of behavior is of the upmost importance. Other government employees will look to what sentence Bridges gets as an example of what could happen to them if they were to betray the public trust. The message, accordingly, must be that this kind of conduct will result in a lengthy custodial sentence.

Finally, Section 3553(a)'s provision for a sentence that "promotes respect for the law" must also be considered. At the time of his criminal activity, the defendant's legitimate work with the Secret Service involved investigating dark net sites and those using them to commit crimes. In the midst of all of this he stole bitcoins from the targeted website and converted them to cash, which he then deposited to his own investment account. It is critical that people understand and believe that when a law enforcement agent gets caught committing these kinds of crimes, he/she will be dealt with severely by the system of which he/she was once a part.

page 138

**E.    The Court Should Sentence Bridges To A Lengthy Prison Sentence In Order To Avoid Unnecessary Sentencing Disparities**

The Court should sentence Bridges to a term of incarceration at the top end of the Guidelines range. Such a sentence is consistent with the sentence sought by the government for Carl Force who was sentenced last month in a related case. As the Court is aware, Force was sentenced to a term of incarceration of 78 months, which was the mid-point of his Guidelines range. The United States believes that a term of incarceration of 71 months in this case is the appropriate sentence given Bridges' egregious conduct on the same task force.

**F.    There Is No Basis For Either a Downward Departure Or A Variance In This Case**

Finally, as indicated above, there is no basis for the Court to depart downward from the applicable Guideline range – a conclusion echoed by the Probation Office. *See* PSR ¶ 107. Additionally, there is no valid basis for a downward variance. To the extent Bridges may try to advance an argument that he should receive a lower than Guidelines sentence pursuant to U.S.S.G. § 5H1.4, there is no evidence to indicate that alcohol abuse played any role in his decision to commit the crimes to which he pled guilty. Nor is there any reason to believe that the BOP could not provide him with any treatment that might be warranted during the period of his incarceration. Any such argument to the contrary should be rejected.

### CONCLUSION

The government submits that only a high-end Guidelines sentence is reasonable and appropriate in this case given the nature and circumstances of the offense, the need to promote respect for the law, and for purposes of deterrence. In full consideration of these sentencing goals, together with the defendant's history and characteristics, the United States respectfully requests that the Court impose a sentence of 71 months' imprisonment, as well as a 3-year term of supervised release.

DATED: November 30, 2015                    Respectfully submitted,

                                            BRIAN J. STRETCH
                                            Acting United States Attorney


                                            /s/
                                            KATHRYN HAUN
                                            WILLIAM FRENTZEN
                                            Assistant United States Attorneys

RICHARD B. EVANS
Public Integrity Section

12

Steven Hale Levin
Fed. Bar No. 28750 (*pro hac vice*)
Levin & Curlett LLC
201 N. Charles Street, Suite 2000
Baltimore, Maryland 21201
Phone: (410) 685-0078
Facsimile: (410) 685-2222
Email: slevin@levincurlett.com

Craig S. Denney
Bar No. 244692
Snell & Wilmer L.L.P.
50 W. Liberty Street
Suite 510
Reno, Nevada 89501
Email: cdenney@swlaw.com

*Attorneys for Mr. Bridges*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 3:15-CR 00319–001 RS** |
| | : | |
| **SHAUN W. BRIDGES** | : | |
| | : | |

...oOo...

**SENTENCING MEMORANDUM**
**ON BEHALF OF SHAUN W. BRIDGES**

1

2

**TABLE OF CONTENTS**

3   INTRODUCTION ............................................................................................ 3

4   MR. BRIDGES'S PERSONAL HISTORY ...................................................... 3

5   LEGAL ARGUMENT ...................................................................................... 5

6      A.  The Nature of the Offense ................................................................... 6

7      B.  The History and Characteristics of Mr. Bridges ................................ 9

8         1.  Mental Health ................................................................................ 10

9      C.  The Need to Provide Restitution ....................................................... 11

10  CONCLUSION ................................................................................................ 11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Shaun W. Bridges comes before the Court for sentencing on December 7, 2015, after

2  having pled guilty to two charges relating to his theft of bitcoins.  Although Mr. Bridges's

3  advisory guidelines range suggests a term of imprisonment of 57 to 71 months, the factors set

4  forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") suggest that a sentence no greater than 36 months

5  would be appropriate in this case.  In a case like this one, where the defendant, a first-time

6  offender, has exhibited extraordinary remorse and commitment to his community, and the loss

7  amount does not correspond to any benefit to the defendant, it is appropriate to consider a

8  variance from the advisory guidelines.

9                                    **INTRODUCTION**

10    Mr. Bridges stands before this Court as a man of exceptional professional accomplishment.

11  Prior to his national disgrace, he was widely respected and well-liked by his professional

12  colleagues and in the community.  This proceeding marks the final chapter of a profound tragedy,

13  for Mr. Bridges, his family, and his friends and community – and for the United States Secret

14  Service, to which he devoted a large part of his professional life.

15    Mr. Bridges recognizes that the crimes he committed are serious, and he has fully accepted

16  responsibility for his actions by immediately cooperating with law enforcement after being

17  charged, by pleading guilty, and by making restitution of approximately $500,000.00.  For his

18  misconduct, Mr. Bridges will be punished harshly: imprisonment and crippling financial

19  obligations, not because of the amount still owed, but because of Mr. Bridges' loss of potential

20  livelihood.  A sentence of 36 months' imprisonment sufficiently reflects the seriousness of the

21  offense, and at the same time takes into consideration Mr. Bridges' prior life of accomplishment,

22  commitment, sacrifice, and integrity, and in particular the contributions he has made to the law

23  enforcement community.

24                          **MR. BRIDGES'S PERSONAL HISTORY**

25    There is much more to Mr. Bridges than the conduct surrounding his offense.  Mr. Bridges

26  fully understands the gravity of this situation and his culpability.  While he offers no excuses for

27  his conduct, undersigned counsel will provide the proper context which led Mr. Bridges to

28  transfer money unlawfully into his account.

- 3 -

1    Prior to the circumstances that led to his guilty plea, Shaun Bridges was the

2  personification of the American dream.   He was raised in a military family and, as discussed

3  later, overcame great obstacles.  His parents retired from the United States Air Force, having

4  served a combined 50 years.  Mr. Bridges spent much of his childhood moving from one place to

5  another.  After his mother retired, the Bridges family settled in Maryland, where Mr. Bridges

6  obtained a Bachelor of Science degree at Towson University in 2005.  To his credit, Mr. Bridges

7  completed his degree – as the "Most Distinguished Scholar" - while employed with law

8  enforcement.

9    Mr. Bridges began his law enforcement career in 2003 with the Laurel (Maryland) Police

10  Department.  When his supervisor retired and took a job on the Anne Arundel County Sheriff's

11  Office (AACOSO) executive team, he asked Mr. Bridges to join him, which he did.

12    During Mr. Bridges's tenure with ACCOSO, he served as a Crisis Negotiator and worked

13  within the Fugitive Apprehension Section.  In 2006, Mr. Bridges joined the Maryland State Police

14  (MSP), graduated first in his class, and asked to be assigned to the Annapolis State Police

15  Barracks.

16    After a brief period, Mr. Bridges transferred to the Criminal Investigation Division with

17  the MSP.  At the time, he was the most junior member of the department to be placed into an

18  investigative role.  His responsibilities also included working on the Baltimore City Task Force

19  apprehending prison escapees and violent fugitives.

20    In 2009, Mr. Bridges was personally selected by the Governor's Office to represent MSP

21  on the U.S. Marshals Capital Area Regional Fugitive Task Force.  In this capacity, Mr. Bridges

22  apprehended the most violent fugitives within the U.S. Capital Region.

23    Mr. Bridges also served as a Firearms Instructor and as a Hostage Negotiator, having been

24  trained by the FBI.  Along with his colleagues, Mr. Bridges successfully negotiated a number of

25  hostage situations.  Attached is an example of but one of many of those situations. (Exhibit A).

26    While working for the Maryland State Police, Mr. Bridges attended graduate school at

27  Catholic University of America in Washington, D.C., obtaining a Master of Science in 2009.

28  ///

- 4 -

1    In 2009, Mr. Bridges joined the United States Secret Service (USSS), again graduated first

2    in his class, and was assigned to the Baltimore Field Office.  In addition to his work in the

3    forensic lab, Mr. Bridges also held joint roles in protection assignments traveling with the

4    president, Vice-President, and with many foreign heads of state.

5    In 2014, Mr. Bridges was selected by the USSS HQ to serve as the first full-time agent to

6    the National Security Agency.  In this capacity, he represented the USSS in connection to

7    investigations that had an international nexus or cyber security concerns.   Attached are a number

8    of certificates and awards that Mr. Bridges earned over a professional lifetime of achievement.

9    (Exhibit B).

10    In addition to his professional accomplishments, Mr. Bridges volunteered his time for 15

11    years teaching martial arts to children in the public school systems in Anne Arundel County,

12    Prince George's County, and Howard County (Maryland).  Although the position was a "paid

13    position," Mr. Bridges never accepted even one dollar of pay in those 15 years, volunteering to do

14    it for free to help elementary-age children to instill in them a sense of self-worth and discipline.

15    **LEGAL ARGUMENT**

16    In *Gall v. United States*, 552 U.S. 38, 50 (2007), the Supreme Court stated that a district

17    court "may not presume that the Guideline range is reasonable," but rather "must make an

18    individualized assessment based on the facts presented."  A sentence in the advisory Guideline

19    range is not presumed to be reasonable. *Nelson v. United States*, 555 U.S. 350 (2009) (*per

20    curiam*).  Instead, the advisory Guideline range is but one factor to be considered in determining a

21    sentence that is "sufficient, but not greater than necessary." *See Kimbrough v. United States*, 552

22    U.S. 85, 101 (2007) (*quoting* § 3553(a)); *see also United States v. Gardellini,* 545 F.3d 1089,

23    1091-92 (D.C. Cir. 2008).

24    Furthermore, the *Gall* Court rejected the idea that "extraordinary circumstances" are

25    required to justify a sentence outside the Guidelines sentence range. *Gall,* 552 U.S. at 47.  Finally,

26    the Court rejected the use of rigid mathematical formulas to determine whether a variance from

27    the Guidelines' sentence range is justified. *Id.*

28

- 5 -

1    Accordingly, after calculating the proper offense level under the Guidelines and giving the

2    government and the defense the opportunity to argue for the sentence they believe to be appropriate,

3    the district judge must consider each of the § 3553(a) factors and "tailor the sentence" to fit the

4    circumstances of the case. *United States v. Booker,* 543 U.S. 220, 245 (2005); *see also United*

5    *States v. Smith,* 566 F.3d 410, 414 (4th Cir. 2009); *United States. v. Pauley*, 511 F.3d 468, 473

6    (4th Cir. 2007).

7    This approach has been adopted by the United States Sentencing Commission in the

8    amendments to the Guidelines effective November 1, 2010.  USSG § 1B1.1 recommends that the

9    district courts use a three-step approach to sentencing, which includes: (1) properly calculating the

10   advisory Guideline range; (2) referring to the Guidelines Manual and considering whether the case

11   warrants any departures; and (3) considering the factors under 18 U.S.C. § 3553(a) as a whole to

12   determine if a variance if appropriate.  The § 3553(a) factors include:

13       (1)    the nature of the offense and history and characteristics of the defendant;
         (2)    the purpose of sentencing;
14       (3)    the kinds of sentences available;
         (4)    the Sentencing Guidelines;
15       (5)    the policy statements issued by the Sentencing Commission;
         (6)    the need to avoid unwarranted disparities among similar offenders; and
16       (7)    the need to provide restitution to any victims of the offense.

17   In this case, the factors strongly counsel in favor of a sentence below the estimated guidelines

18   range.  We address the most relevant factors in turn.

19   **(i)    The Nature of the Offense**

20   Though the ramifications to both Mr. Bridges and his former agency have been

21   tremendous, this is in essence a theft case.  Mr. Bridges was an early investor in bitcoins, and he

22   even encouraged family members to invest.  He also discussed his investment with a number of

23   former colleagues, to include his supervisor and the Office of General Counsel in 2012.[1]  In

24   January 2013, while in Utah, Mr. Bridges believed that someone had accessed his bitcoin wallet

25   and stolen his family members' investment, which, at that time, had grown to approximately

26   $175,000.00.  Upon learning of the theft, Mr. Bridges made the tragically poor and abrupt

27   _____

28   [1] One of Mr. Bridges's lawyers interviewed former colleagues of Mr. Bridges in February 2015, at least
     three of whom confirmed that these discussions regarding an investment in bitcoins occurred in 2012 –
     prior to the theft.

- 6 -

1    decision to steal from a Silk Road account. At the time Mr. Bridges committed the theft, the

2    stolen bitcoins' value was approximately $350,000.00. Over time, the value increased to

3    approximately $800,000, resulting in a significantly higher guidelines range.

4       Once Mr. Bridges stole the bitcoins, he knew there was no going back and, foolishly, dug a

5    deeper hole. Rather than keep the money in the bitcoin wallet, Mr. Bridges transferred the

6    bitcoins to his Mt. Gox account, registered in his name. He then transferred the money into his

7    Fidelity account, which was also in his name. After consulting with his tax attorney, Mr. Bridges

8    transferred over $200,000 from his Fidelity account to a PNC account in his name and that of his

9    spouse, to pay taxes on the capital gains. With the exception of the money that went to pay state

10    and federal taxes, the money remained in his Fidelity account from the initial deposit over two

11    years ago until recently, when Mr. Bridges made significant restitution to the United States.

12       From the moment Mr. Bridges made the impulsive decision to steal bitcoins from a Silk

13    Road account, the likelihood of charges and the loss of everything for which he had worked hung

14    over him like the Sword of Damocles. Mr. Bridges knew that eventually, his actions were going

15    to see the light of day. In part, this expectation explains why Mr. Bridges kept the money in his

16    Fidelity account - so he could return it once his misconduct was discovered.

17       To be clear, the purpose of describing Mr. Bridges's motive is not to justify his actions. He

18    stole bitcoins. The costs were considerable, and Mr. Bridges has done and will do everything

19    within his power to help right a wrong that he committed. The purpose of describing his motive

20    is solely to assist the Court in assessing whether this case falls in the heartland of cases

21    contemplated by the guidelines.

22       Other courts have considered whether the fraud and theft guidelines, which are almost

23    entirely driven by loss amount, set forth an appropriate sentence in particular cases. For example,

24    in a case in the District of Massachusetts, *United States v. Watt*, 707 F. Supp.2d 149, 155

25    (D.Mass. 2010), the Court stated the following:

26       Loss under the Guidelines is effectively a proxy for evaluating culpability. Sometimes, it
       is appropriate, and sometimes it is not. For example, at one point, the background note to
27       USSG Section 2B1.1 suggested that the Guideline drafters believed loss was an appropriate
       proxy because it reflected both "harm to the victim" and "gain to the defendant." . . ., that
28       was not so here; Watt made nothing from the scheme. (footnote omitted).

- 7 -

The Court's decision in *United States v Costello*, 16 F Supp 2d 36, 37 (D Mass. 1998), cited in the *Watt* case, is also instructive. There the Court departed downward six points in sentencing two defendants charged with conspiring to steal computer disks, compact disks and computer software from their employer. *See id* at 40. After an evidentiary hearing, the Court found that the amount of loss was in excess of $20 million. The Judge determined, however, that the defendants received at most 1 per cent of the value of the goods, whereas a third conspirator had organized the theft and taken the major part of the proceeds. *See id* at 39. Recognizing that under such circumstances, the amount of loss was not, as the Guidelines assume, an appropriate proxy for culpability, the Court departed downward by six levels.

As other courts have recognized, loss calculations can "overstate both the degree of [a defendant's] criminality and his need to be corrected." *United States v. Stuart*, 22 F.3d 76, 82 (3d Cir. 1994); *see also United States v. Emmeneger*, 329 F. Supp. 2d 416, 427 (S.D.N.Y. 2004)("The Guidelines place undue weight on the amount of loss involved in the fraud. This is certainly a relevant sentencing factor: All else being equal, large thefts damage society more than small ones, create a greater temptation for potential offenders, and thus generally require greater deterrence and more serious punishment. But the guidelines provisions for theft and fraud place excessive weight on this single factor, attempting – no doubt in an effort to fit the infinite variations on the theme of greed into a limited set of narrow sentencing boxes – to assign precise weights to the theft of different dollar amounts. In many cases, including this one the amount stolen is a relatively weak indicator of the moral seriousness of the offense or the need for deterrence."). Mr. Bridges's case, like the *Stuart* and *Emmeneger* cases, is a situation where the amount of loss is a weak indicator of the moral seriousness of the offense and the need for deterrence.

Nevertheless, Mr. Bridges recognizes the serious nature of this offense, sincerely regrets it and accepts complete responsibility for his conduct, and has done everything he can to make amends. Mr. Bridges has taken every conceivable action to work with the government to try to make the situation right. This action includes cooperating with and confessing to the agents and prosecutors the first time he appeared in court. This Court is allowed to consider remorse at

- 8 -

1    sentencing as a factor supporting a variant sentencing. *See United States v. Howe*, 543 F.3d 128,

2    138 (3d Cir. 2008) ("Indeed, a defendant's degree of remorse at sentencing may be considered as

3    a basis for downward variance under Section 3553(a) regardless of whether the defendant

4    previously accepted responsibility."). Mr. Bridges's acceptance of responsibility and his actions

5    to try his best to correct the harm he caused demonstrate his true remorse even more vividly than

6    the words he will use at sentencing to express his genuine remorse to the Court, the victim and his

7    own family. Of course, as discussed more fully below, there are grounds other than sincere

8    remorse and immediate acceptance of responsibility that warrant the imposition of a sentence no

9    greater than 36 months.

10                  **(ii)    The History and Characteristics of the Mr. Bridges**

11          Mr. Bridges's history and characteristics weigh strongly in favor of a variance sentence. As

12   discussed above, he was a model student and served meritoriously in law enforcement for 12 years.

13   Though he tried to be a good husband to his first wife, he put his profession before his marriage.

14   Consequently, the marriage ended abruptly in 2010 when he returned home to find his wife and her

15   lover *in flagrante delicto*.  Nevertheless, Mr. Bridges learned to trust again and remarried. He has

16   known his current wife for over 10 years, strongly suggesting that his current wife knows him

17   extremely well and believes that he is a good and decent man, notwithstanding his misdeeds.

18          Mr. Bridges has no criminal history and there is no likelihood of recidivism.

19          Although few former colleagues were willing to write to this Court in light of the

20   professional consequences that may result, those who have written attest to Mr. Bridges's

21   character. (Exhibit C).

22           The common theme that emerges from these letters is that Mr. Bridges is a decent man.

23   His actions in this case are wholly inconsistent with the behavior and relationships that otherwise

24   define his life. Mr. Bridges's acts of generosity and good deeds appear to span years. His sentence

25   will greatly affect many who have come to rely or depend on him.

26          The foregoing factors are significant in any § 3553(a) analysis and support a variance in

27   this case. *See, e.g., United States v. Smith*, 275 Fed. Appx. 184, 187 (4th Cir. 2008) (*per curiam*)

28   (*unpublished*) (upholding 11-level downward variance, citing defendant's "lack of criminal

- 9 -

1    history, low risk of recidivism, and positive role in his family and his community"); *United States*

2    *v. Pauley,* 511 F.3d at 474 (upholding six-level downward variance, noting that defendant "was

3    deeply remorseful and, besides the criminal conduct at issue, . . . was a good father and teacher");

4    *United States v. Howe,* 543 F.3d 128, 137 (3d Cir. 2008) (upholding variance to probation based on

5    defendant's remorse, status in the community, and that he otherwise "led an honorable and lawful

6    life" and was a "devoted husband, father, and son").

7          With respect to this sentencing factor, Judge Jed S. Rakoff (S.D.N.Y.) eloquently noted in

8    *United States v. Adelson* :

> *...if ever a man is to receive credit for the good he has done, and
> his immediate misconduct assessed in the context of his overall life
> hitherto, it should be at the moment of his sentencing, when his very
> future hangs in the balance. This elementary principle of weighing
> the good with the bad, which is basic to all the great religions,
> moral philosophies, and systems of justice, was plainly part of what
> Congress had in mind when it directed court to consider, as a
> necessary sentencing factor, "the history and characteristics of the
> defendant."* [2]

**a. Mental Health**

          Pursuant to U.S.S.G. §5H1.3 of the Sentencing Guidelines, mental and emotional

conditions may be relevant in determining whether a departure is warranted, if such issues,

individually or in combination with other offender characteristics, are present to an unusual

degree and distinguish the case from the typical cases covered by the guidelines. Likewise,

through § 3553(a), Congress has instructed sentencing courts to consider a defendant's need for

medical care in fashioning an appropriate sentence.  18 U.S.C. § 3553(a)(2)(D).  Historically,

district courts enjoy considerable discretion in a variance and/or departure below the advisory

range based on a defendant's mental health problems. *See, e.g., United States v. Mendez*, 248

Fed. Appx. 653, 661 (11th Cir. 2008); *United States v. Pineyro*, 372 F. Supp. 2d 133 (D. Mass.

2005)(holding defendant entitled to downward departure for physical condition, which included

mental health issues); *United States v. Blarek*, 7 F. Supp. 2d 192 (E.D.N.Y. 1998) (granting

downward departure to three years supervised release in case where defendant convicted of

---

[2] In December 2009, the Second Circuit affirmed Adelson's sentence in a two page summary judgment
(*United States v. Adelson,, 2008 WL 515534 (2d Cir. Dec. 9, 2008)*).

- 10 -

1    conspiracy to commit racketeering and money laundering was HIV positive); *see United States v.*

2    *Pallowick*, 364 F.Supp.2d (E.D. Wisc. 2005) (sentencing bank robber who suffered from major

3    depression and anxiety disorder below the guideline range).

4         As reflected in Dr. Blumberg's submission, Mr. Bridges's history of depression, feelings

5    of inadequacy, and impulsive actions contributed to his poor decision-making in January 2013

6    and thereafter.  (Exhibit D, *to be filed separately under seal*).  Fortunately, now that Mr. Bridges

7    has sought help for his ailments, his prognosis is excellent.

8         **(iii)    The Need to Provide Restitution**

9         Although he is in dire financial straits, Mr. Bridges has entered into an agreement with the

10   government to ensure that he makes sincere efforts to make restitution.  Mr. Bridges can be of

11   much more assistance if he is in society earning a salary instead of in prison.

12        Based on Mr. Bridges's employment history, there is good reason to credit his sincere

13   desire to work to assist his family and to compensate the government for its losses.  In fact, in

14   other cases, strong employment histories such as that presented here have been cited as

15   independent reasons for downward variances at sentencing.  *See United States v. Ruff*, 535 F.3d

16   999, 1001 (9th Cir. 2008)(upholding variant sentence of probation with community confinement,

17   instead of guideline range of 30-37 months, on the basis of the defendant's history of strong

18   employment, cooperation and clear remorse, family support, the absence of potential risk to the

19   public and appropriateness of restitution, and mental health issues, where defendant stole

20   approximately $644,000 of medical equipment from his employer and sold it on eBay); *United*

21   *States v. Tomko*, 562 F.3d 558, 570 (3rd Cir. 2009)("[P]robation was warranted because of

22   Tomko's negligible criminal history, his record of employment, his community ties, and his

23   extensive charitable works.").

     **CONCLUSION**

25        The consequences of Mr. Bridges's conduct have already been devastating.  After a

26   distinguished career in law enforcement, in 2013, he made an impulsive decision to steal bitcoins.

27   Since that time, he has waited to learn the consequences of his actions.  Those consequences will

28   include imprisonment and financial ruin.  They already include the loss of a career and the loss of

- 11 -

page 151

1    friendships of former colleagues.   Mr. Bridges has also suffered from the humiliation and

2    embarrassment that comes with any conviction of a serious crime, particularly for a person of the

3    standing and reputation that Mr. Bridges had enjoyed.  Of course, Mr. Bridges knows full well

4    that he brought upon himself the financial hardship and the embarrassment and humiliation that

5    he has suffered, and will continue to suffer.  But it is nevertheless true that he has been punished

6    severely.

7         This Court need not be concerned that Mr. Bridges will ever again violate the law; that

8    would be true irrespective of the sentence imposed.  To be sure, the government needs to be able

9    to trust its employees – particularly those in positions of responsibility.  But a sentence of no

10   more than 36 months is a high price to pay, particularly given the enormous financial

11   consequences and the extrajudicial punishment that Mr. Bridges has suffered and will continue to

12   suffer.

13        For all of the reasons described herein, Mr. Bridges respectfully requests that this

14   Honorable Court impose a variant sentence of no greater than 36 months' imprisonment, with a

15   period of home confinement and/or community service, to allow him to make immediate

16   meaningful contributions towards his significant restitution obligation as well as a special

17   condition mandating mental health therapy to allow him to continue to receive treatment he

18   needs.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

- 12 -

1    ///

2          Mr. Bridges further respectfully requests that he be permitted to self-surrender, as remand

3    into custody would adversely impact his security classification, and, because of his status as a

4    former law enforcement officer, likely result in placement in solitary confinement.

5                                                  Respectfully submitted,

6

7                                            _____/s/_____

8                                            Steven H. Levin
                                             Levin & Curlett LLC
9                                            250 W. Pratt Street
                                             Suite 1300
10                                           Baltimore, Maryland 21201
                                             Tel: 410-545-5871
11                                           Slevin@levincurlett.com

12                                           *Attorney for Mr. Bridges (pro hac vice)*

13                                           Craig S. Denney
                                             Snell & Wilmer L.L.P.
14                                           50 W. Liberty Street
                                             Suite 510
15                                           Reno, Nevada 89501
                                             cdenney@swlaw.com
16                                           *Attorney   for   Mr.   Bridges   (local
                                             counsel)*

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served by Electronic Notification, on this 30th day of November 2015, on the following: all parties.

/s/_____
Steven H. Levin
*Attorney for the Mr. Bridges*

23006800

- 14 -

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 3:15-cr-00319-RS |
| | ) | |
| SHAUN W. BRIDGES | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: 31 Aug 2015

_____
Defendant's signature

_____
Signature of defendant's attorney

STEVEN H. LEVIN
Printed name of defendant's attorney

_____
Judge's signature

Sallie Kim
Judge's printed name and title

FILED

AUG 31 2015

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    MELINDA HAAG (CABN 132612)
    United States Attorney

2

3    *FILED*

4    JUN 1 6 2015

5    RICHARD W. WIEKING
    CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA

6

7            UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9            SAN FRANCISCO DIVISION

10

11    UNITED STATES OF AMERICA,     )    CRIMINAL NO.

12        Plaintiff,                )    **CR 15 0319**

13       v.                       )    VIOLATIONS:
                              )    18 U.S.C. § 1957 – Money Laundering;

14                               )    18 U.S.C. § 1512 – Obstruction of Justice;
                              )    18 U.S.C. §§ 982(a)(1); 981(a)(1)(C); and 28 U.S.C.

15    SHAUN W. BRIDGES,             )    § 2461(c) – Forfeiture.
       a/k/a "Number13,"            )

16        Defendant.               )

17    _____ )

18                      I N F O R M A T I O N

19    The United States Attorney charges:

20                  INTRODUCTORY ALLEGATIONS

21    At all times relevant to this Information, with all dates being approximate and all date ranges both

22    approximate and inclusive:

23        1.      Defendant SHAUN W. BRIDGES ("BRIDGES") was a Special Agent with the United

24    States Secret Service ("USSS") assigned to the Baltimore Silk Road Task Force and to the Secret

25    Service's Electronic Crimes Task Force.

26        2.      Silk Road was a website where illegal goods were posted for sale, including narcotics.

27    Silk Road was only accessible through The Onion Router, or "TOR" network, a network designed to

28

1  conceal the true IP addresses of computers on the network and the users' identities.  The only accepted

2  form of payment on Silk Road was Bitcoin.

3      3.      Bitcoin was a form of virtual currency that existed online.  The value of Bitcoin

4  fluctuated widely during 2013 and 2014.

5      4.      The Baltimore Silk Road Task Force was a task force formed jointly by several federal

6  law enforcement agencies, including USSS, designed to investigate and apprehend vendors, buyers,

7  administrators, and the manager of Silk Road, including the head of Silk Road, R.U., a/k/a "Dread Pirate

8  Roberts," a/k/a "DPR" (hereafter "R.U.").  A Grand Jury for the District of Maryland, based in

9  Baltimore, Maryland, and in connection with the Baltimore Silk Road Task Force investigation,

10  conducted investigation into the activities of R.U., vendors, buyers, and administrators, and it

11  constituted an official proceeding.

12      5.      BRIDGES was assigned to, among other responsibilities, forensic computer

13  investigations in an effort to locate, identify, and prosecute targets of the Baltimore Silk Road Task

14  Force, including R.U., and other vendors, buyers, and administrators on Silk Road.

15      6.      Carl M. Force, IV, ("Force") was a Special Agent with the Drug Enforcement

16  Administration assigned to the Baltimore Silk Road Task Force.  Force was assigned to act in an

17  undercover capacity in an effort to locate, identify, and prosecute targets of the Baltimore Silk Road

18  Task Force, including R.U., and other vendors, buyers, and administrators on Silk Road.  Force

19  controlled "Nob," an undercover persona on Silk Road that communicated with R.U. and posed as a

20  large scale drug dealer with the ability to hire people to commit murder.  A Grand Jury for the Northern

21  District of California, based in San Francisco, California, conducted investigation into the activities of

22  Force and, eventually, BRIDGES, and it, too, constituted an official proceeding.

23      7.      In his role performing forensic computer analysis, BRIDGES investigated a customer

24  support representative on Silk Road, "C.G.," in connection with C.G. assisting in the delivery of

25  approximately one kilogram of cocaine to an undercover identity controlled by Force.  On January 17,

26  2013, BRIDGES participated in a search and arrest of C.G. for possession with intent to distribute

27  cocaine.

28

CRIMINAL INFORMATION

2

1    8.    On January 25, 2013, BRIDGES participated in an interview of C.G. During the

2  interview, C.G. described his administrator access to Silk Road as a customer support representative and

3  his ability to reset passwords and pins of account holders on Silk Road. C.G. shared his administrator

4  access and password with the interviewing agents.

5    9.    On January 25, 2013, BRIDGES accessed Silk Road through a computer utilizing C.G.'s

6  administrator access. BRIDGES reset passwords and pins of various accounts on Silk Road and moved

7  bitcoin from those accounts into a "wallet" he controlled. In this manner, BRIDGES fraudulently

8  moved and stole approximately 20,000 bitcoin from Silk Road and Silk Road accounts.

9    10.    On January 26, 2013, R.U. learned that C.G.'s access to Silk Road had been used to

10  fraudulently transfer bitcoin from Silk Road into a wallet. R.U. canceled C.G.'s administrator access to

11  Silk Road. On January 26, 2013, R.U. communicated with Force's undercover persona, "Nob," and

12  sought to hire "Nob" to murder C.G. in retaliation for the bitcoin thefts.

13    11.    On January 26, 2013, BRIDGES moved the stolen bitcoin into an account at Mt. Gox, an

14  online digital currency exchange based in Japan.

15    12.    On January 27, 2013, BRIDGES, acting as an undercover persona on Silk Road,

16  "Number13," communicated with R.U. in an effort to falsely and fraudulently prevent R.U. from

17  learning who had committed the theft from Silk Road. Using the "Number13" persona, BRIDGES

18  communicated that he had been the victim of the theft, rather than its perpetrator, and that he wanted his

19  bitcoin returned to him. At the time of these communications, R.U. was in the Northern District of

20  California and BRIDGES was in Maryland.

21    13.    On February 12, 2013, BRIDGES formed "Quantum International Investments, LLC,"

22  ("Quantum"), and registered Quantum with the Maryland Secretary of State.

23    14.    On February 22, 2013, BRIDGES opened a personal investment account at Fidelity under

24  the Quantum name but controlled by BRIDGES.

25    15.    Between March 6, 2013, and May 7, 2013, BRIDGES liquidated the bitcoin in the Mt.

26  Gox account, proceeds of the Silk Road fraud, into U.S. Currency and transferred the U.S. Currency into

27  his Quantum Fidelity account. Subsequently, during June of 2014, BRIDGES transferred money from

28  the Quantum Fidelity account into a joint bank account in the name of BRIDGES and another person.

CRIMINAL INFORMATION

3

1   COUNT ONE: (18 U.S.C. § 1957 – Money Laundering)

2       16.     The allegations in paragraphs 1 through 15 of this Information are incorporated by

3   reference as if set forth fully here.

4       17.     Between March 6, 2013 and June 14, 2014, in the Northern District of California and

5   elsewhere, the defendant,

6                   SHAUN W. BRIDGES, a/k/a "Number13,"

7   knowingly engaged in the following monetary transactions in the United States, knowing that the

8   transactions involved criminally derived property with a value of greater than $10,000, and which

9   property was in fact the proceeds of specified unlawful activity, namely wire fraud, in violation of 18

10  U.S.C. § 1343:

| Date | Amount | Description of Financial Transaction |
|---|---|---|
| 3/6/13 | $98,511.08 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/8/13 | $98,968.00 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/13/13 | $99,968.62 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/18/13 | $99,968.74 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/19/13 | $99,968.64 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 4/5/13 | $99,968.08 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 4/16/13 | $99,969.34 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 4/26/13 | $99,969.32 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 5/7/13 | $25,559.37 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 6/4/14 | $225,000.00 | Wire transfer from Quantum Fidelity account to PNC Bank account |

23      All in violation of Title 18, United States Code, Section 1957(a).

24  COUNT TWO:  (18 U.S.C. § 1512(c)(2) – Obstruction of Justice)

25      18.     Paragraphs 1 through 15 of this Information are incorporated by reference as if set forth

26  fully here.

27

28

4

CRIMINAL INFORMATION

19.   On or between January 25, 2013, and April 2, 2015, within the Northern District of California and elsewhere, the defendant,

SHAUN W. BRIDGES, a/k/a "Number13,"

and others known and unknown to the Grand Jury, knowingly, intentionally, and corruptly attempted to, and did, obstruct, influence, and impede the following official proceedings: (1) the Baltimore Grand Jury investigation in connection with the Baltimore Silk Road Task Force, and (2) the San Francisco Grand Jury investigation of BRIDGES and Force, by the following acts:

A.   On January 25, 2013, BRIDGES used C.G.'s administrator access to Silk Road to steal bitcoin from Silk Road, thereby limiting the use of that access to further the Baltimore Grand Jury investigation of R.U. and Silk Road, creating incentive for R.U. to seek to murder C.G., and causing investigation into the thefts of bitcoin from Silk Road;

B.   Between April 29, 2014, and June 27, 2014, in connection with the San Francisco Grand Jury investigation, BRIDGES made and caused to be made inquiries with a database controlled by the Financial Crimes Enforcement Network ("FinCEN") in an effort to determine whether Bank Secrecy Act filings existed related to his financial activities;

C.   On May 28, 2014, BRIDGES made false and misleading statements to a Special Agent of the Federal Bureau of Investigation, in connection with the San Francisco Grand Jury investigation of Force, in an effort to prevent the investigation from focusing on BRIDGES;

D.   On November 13, 2014, BRIDGES made false and misleading statements to a Special Agent of the Department of Justice Office of Inspector General participating in the San Francisco Grand Jury investigation of Force in an effort to prevent the investigation from focusing on BRIDGES;

E.   On February 1, 2015, BRIDGES solicited a witness to the FinCEN searches to make false statements to Special Agents of the Department of Homeland Security Office of Inspector General and the Federal Bureau of Investigation in connection with the San Francisco Grand Jury investigation of Force and BRIDGES; and

F.   On March 30, 2015, BRIDGES made false statements to Special Agents of the Internal Revenue Service Criminal Investigation Division and Federal Bureau of Investigation

5

CRIMINAL INFORMATION

page 160

1    regarding the FinCEN searches in connection with the San Francisco Grand Jury

2    investigation of Force and BRIDGES.

3    All in violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

4    FORFEITURE ALLEGATIONS:    (18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture); ( 18.
5    U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Obstruction of Justice Forfeiture)

6    Upon conviction of the offense alleged in Count One of the Information, the defendant,

7    SHAUN W. BRIDGES, a/k/a "Number13,"

8    shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal,

9    involved in any such offense, or any property traceable to such property, including but not limited to the

10   following: a money judgment equivalent to the amount of property involved in the violation of 18 U.S.C

11   §§ 1957(a):

12   a.    Any interest in, security of, claim against, or property or contractual rights of any kind in

13   the goods or tangible items that were the subject of the violation;

14   b.    Any interest in, security of, claim against, or property or contractual rights of any kind in

15   tangible property that was used in the export or attempt to export that was the subject of the violation;

16   and

17   c.    Any property constituting, or derived from, any proceed obtained directly or indirectly as

18   a result of the violation; and

19   d.    Any property, real or personal, which constitutes or is derived from proceeds traceable to

20   the violation.

21   Upon conviction of the offense alleged in Count Two of the Information, the defendant,

22   SHAUN W. BRIDGES, a/k/a "Number13,"

23   shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28, U.S.C. § 2461(c), any

24   property, real or personal, which constitutes or is derived from proceeds traceable to the offense,

25   including but not limited to the following: a money judgment equivalent to the amount of property

26   involved in the violation of 18 U.S.C. §§ 1512(c)(2) and 2.

27   If any of the property described above, as a result of any act or omission of the defendant:

28   (a)  cannot be located upon the exercise of due diligence;

6

CRIMINAL INFORMATION

1        (b) has been transferred or sold to, or deposited with, a third party;

2        (c) has been placed beyond the jurisdiction of the court;

3        (d) has been substantially diminished in value; or

4        (e) has been commingled with other property which cannot be divided without difficulty;

5   the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. §

6   853(p), incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

7   MELINDA HAAG
    United States Attorney
8

9

10  DAVID R. CALLAWAY
    Chief, Criminal Division
11

12  RAYMOND HULSER
    Acting Chief, Public Integrity Section

13

14  (Approved as to form:

15                          WILLIAM FRENTZEN
                            KATHRYN HAUN
16                          Assistant U.S. Attorneys

17                          RICHARD EVANS
                            Trial Attorney, Public Integrity Section
18

19

20

21

22

23

24

25

26

27

28

CRIMINAL INFORMATION

7

**United States District Court**
**Northern District of California**

# CRIMINAL COVER SHEET

**Instructions:** Effective January 3, 2012, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

**Case Name:**

USA v.   SHAUN W. BRIDGES

**Case Number:**   CR 15 0319 RS

**Total Number of Defendants:**

1 [ ]     2-7 [✓]     8 or more [ ]

**Is This Case Under Seal?**

Yes [ ]     No [✓]

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?**

Yes [ ]     No [✓]

**Venue (Per Crim. L.R. 18-1):**

SF [✓]    OAK [ ]    SJ [ ]    EUR [ ]    MON [ ]

**Is any defendant charged with a death-penalty-eligible crime?**

Yes [ ]     No [✓]

**Assigned AUSA (Lead Attorney):**

KATHRYN R. HAUN

**Is this a RICO Act gang case?**

Yes [ ]     No [✓]

**Date Submitted:**

June 16, 2015

**Comments:**

An Information for co-Defendant Carl Force is expected to be filed shortly and related to this action; hence the number for total number of defendants above is listed as 2 instead of 1

Print     Clear Form

July 2013

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  KATHRYN HAUN (DCBN 484131)
   WILLIAM FRENTZEN (LABN 24421)
5  Assistant United States Attorneys

6  RAYMOND N. HULSER (MABN 551350)
   Chief, Public Integrity Section
7
   RICHARD B. EVANS (DCBN 441494)
8  Trial Attorney

9      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
10     Telephone: (415) 436-7200
       FAX: (415) 436-6753
11     kathryn.haun@usdoj.gov; william.frentzen@usdoj.gov; richard.evans@usdoj.gov

12 Attorneys for United States of America

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                       SAN FRANCISCO DIVISION

16

17 UNITED STATES OF AMERICA,            )   NO.
                                        )
18         Plaintiff,                   )   PLEA AGREEMENT
                                        )
19     v.                               )
                                        )
20 SHAUN W. BRIDGES,                    )
                                        )
21         Defendant.                   )
                                        )
22 _____

23         I, Shaun W. Bridges, and the United States Attorney's Office for the Northern District of

24 California and the United States Department of Justice, Public Integrity Section ("the government"),

25 enter into this written plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B)

26 of the Federal Rules of Criminal Procedure:

27 The Defendant's Promises

28         1.      I agree to plead guilty to Counts One and Two of the captioned Information charging me

                                              1

1   with money laundering, in violation of 18 U.S.C. § 1957, and with obstruction of justice, in violation of

2   18 U.S.C. § 1512(c)(2). I agree that the elements of the offenses are as follows:

3   <u>Count One:</u>    (1) I knowingly engaged or attempted to engage in a monetary transaction;

4            (2) I knew that the transaction involved criminally derived property;

5            (3) The property had a value greater than $10,000;

6            (4) The property was, in fact, derived from wire fraud; and

7            (5) The transaction occurred in the United States.

8            I further agree that the elements of the underlying unlawful activity of wire fraud are:

9            (1) I knowingly devised a scheme or plan to defraud or to obtain money and property by

10            means of false or fraudulent pretenses, representations, or promises;

11            (2) the statements made or facts omitted were material;

12            (3) I acted with the intent to defraud, that is, the intent to deceive or cheat; and

13            (4) I used or caused to be used an interstate wire communication to carry out or attempt

14            to carry out an essential part of the scheme.

15   <u>Count Two:</u>    (1) I obstructed, influenced, or impeded an official proceeding; and

16            (2) in doing so, I acted corruptly.

17            I agree that the maximum penalties are as follows:

18   <u>Count One:</u>

| 19 | a. | Maximum prison term | 20 years |
|----|----|---------------------|----------|
| 20 | b. | Maximum fine | $250,000 or twice the gross gain or loss, whichever is greater |
| 21 | | | |
| 22 | c. | Maximum supervised release term | 3 years |
| 23 | d. | Restitution | To be determined |
| 24 | e. | Mandatory special assessment | $100 |
| 25 | f. | Forfeiture | See below |

26

27

28

2

page 165

Count Two:

|    |                                    |                    |
|----|------------------------------------|--------------------|
| a. | Maximum prison term                | 20 years           |
| b. | Maximum fine                       | $250,000           |
| c. | Maximum supervised release term    | 3 years            |
| d. | Restitution                        | To be determined   |
| e. | Mandatory special assessment       | $100               |
| f. | Forfeiture                         | See below          |

2. I agree that I am guilty of the offenses to which I am pleading guilty, and I agree that the following facts are true:

On or about January 25, 2013, I devised a scheme to defraud and to obtain money and property through false and fictitious representations. I utilized an administrator account on the Silk Road website belonging to another individual, and not intended for me or my personal use, to obtain access to that site. I am aware and agree that the government could prove that Silk Road was a website where illegal goods were posted for sale, including narcotics, and that payments were accepted on the site in Bitcoin. I used the administrator account to reset passwords of vendor accounts and other accounts to give me access to those accounts and any bitcoin in the accounts. I then moved a total of approximately 20,000 bitcoin from various Silk Road vendor accounts into a "wallet" over which I exercised control. The value at the time the bitcoin was stolen was approximately $350,000. On January 26, 2013, I moved the bitcoin into an account at Mt. Gox, a digital currency exchange based in Japan.

On January 27, 2013, I attempted to lull the manager of the Silk Road site, Ross William Ulbricht, a/k/a "Dread Pirate Roberts," a/k/a "DPR," by telling him that I, too, had had bitcoin stolen from me. This communication took place by interstate wire; I agree that the government could prove that Ulbricht was in the Northern District of California on that date, and that I was in Maryland.

Between March and May of 2013, I converted the bitcoin into U.S. currency and caused wire transfers of money totaling approximately $820,000 from the accounts at Mt. Gox into a Quantum International Investments, LLC, account I controlled at Fidelity. On June 2, 2014, I transferred funds from that Quantum Fidelity account into an account in the joint names of myself and a person known to the parties. Specifically, I conducted the following financial transactions:

3

| Date | Amount | Description of Financial Transaction |
|---|---|---|
| 3/6/13 | $98,511.08 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/8/13 | $98,968.00 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/13/13 | $99,968.62 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/18/13 | $99,968.74 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/19/13 | $99,968.64 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 4/5/13 | $99,968.08 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 4/16/13 | $99,969.34 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 4/26/13 | $99,969.32 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 5/7/13 | $25,559.37 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 6/2/14 | $225,000 | Wire transfer from Quantum Fidelity account to PNC Bank account in joint name |

I knew that the funds in each of the above transactions were the proceeds of wire fraud, and I carried out each of those transactions with the intent both to promote my ongoing wire fraud scheme and to conceal and disguise the nature, location, source, ownership, and origin of those illegal proceeds.

During the time that I devised and carried out this fraud and money laundering scheme, I was a Special Agent with the United States Secret Service and a member of the Electronic Crimes Task Force, and the Baltimore Silk Road Task Force -- which was actively engaged in investigating Silk Road, its vendors and buyers, and Dread Pirate Roberts, and for which there was an ongoing Grand Jury investigation in the District of Maryland. I agree that the Baltimore Silk Road Grand Jury investigation was an official proceeding. As a United States Secret Service Special Agent, I held a position of public trust and I abused that position. I further agree that my activities obstructed, influenced, and impeded the Baltimore Grand Jury related to its Silk Road investigation as well as its resulting case in the District of Maryland against Ulbricht by, among other things, (1) obstructing and impeding the ability of the investigation to fully utilize a cooperator's access to Silk Road after my fraud, (2) causing the Task Force and the Grand Jury to spend time and effort to investigate the thefts from Silk Road that I committed, (3) creating additional incentive for Ulbricht to attempt to hire someone to kill a cooperator

4

1    whom Ulbricht suspected of committing thefts I had in fact committed, and (4) obstructing, influencing,

2    and impeding the Grand Jury's investigation into Ulbricht in the District of Maryland. I agree that I

3    acted corruptly in obstructing, influencing, and impeding the Grand Jury's Silk Road investigation.

4        I agree that by May of 2014, there was also an active San Francisco-based Grand Jury

5    investigation into potential misconduct by Drug Enforcement Administration (DEA) Special Agent Carl

6    M. Force, IV, and that the San Francisco Grand Jury subsequently began to investigate my conduct. I

7    further agree that the San Francisco Grand Jury investigation was an official proceeding.

8        On May 28, 2014, I was interviewed by a Special Agent with the Federal Bureau of Investigation

9    (FBI) and I intentionally misled that agent. On November 13, 2014, I was interviewed by a Special

10   Agent from the Department of Justice Office of Inspector General and I intentionally misled that agent

11   as well. During January and February of 2015, I consulted with another employee of the United States

12   Secret Service both before and after that employee had an interview on the subject of this investigation

13   with Special Agents from the Department of Homeland Security Office of Inspector General (DHS OIG)

14   and the FBI. I met with that employee before and after the employee's interview and we discussed the

15   subject of the interview and agreed to tell a false consistent story regarding searches conducted on a

16   database controlled by the Financial Crimes Enforcement Network (FinCEN). On ~~April 3, 2015~~ in the

             *March 30, 2015*

17   Northern District of California, I also misrepresented certain facts to agents with the FBI, ~~DHS OIG,~~

18   ~~Department of Justice Office of Inspector General~~, and Internal Revenue Service Criminal

19   Investigations, with respect to the full scope of the FinCEN database searches.

20        I understand and agree that each of the interviews and actions described in the preceding

21   paragraph were in connection with the San Francisco Grand Jury investigation. I further agree that by

22   corruptly encouraging another Secret Service employee to tell a false story to federal agents and by lying

23   to federal agents myself, I obstructed, influenced, and impeded the San Francisco-based Grand Jury

24   investigation into my own criminal conduct and that of former DEA Special Agent Carl M. Force, IV.

25      3.      I agree to give up all rights that I would have if I chose to proceed to trial, including the

26   rights to a jury trial with the assistance of any attorney; to confront and cross-examine government

27   witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth

28   Amendment claims; to any further discovery from the government; and to pursue any affirmative

1 | defenses and present evidence. I agree, for purposes of entering this guilty plea, sentencing and all other
2 | proceedings relevant to the filing of this Agreement, to consent to the jurisdiction of the United States
3 | District Court for the Northern District of California. I expressly waive my right to object to venue in
4 | the Northern District of California.

5 |     4.    I agree to give up my right to appeal my conviction, the judgment, and orders of the
6 | Court. I also agree to waive any right I have to appeal any aspect of my sentence, including any orders
7 | relating to forfeiture and or restitution.

8 |     5.    I agree not to file any collateral attack on my conviction or sentence, including a petition
9 | under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was
10 | ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea. I also
11 | agree not to seek relief under 18 U.S.C. §3582.

12 |     6.    I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. I
13 | understand that by entering into this Agreement: (a) I agree that the facts set forth in Paragraph 2 of this
14 | Agreement shall be admissible against me under Fed. R. Evid. 801(d)(2)(A) in any subsequent
15 | proceeding, including at trial, in the event I violate any of the terms of this Agreement, and (b) I
16 | expressly waive any and all rights under Fed. R. Crim. 11(f) and Fed. R. Evid. 410 with regard to the
17 | facts set forth in Paragraph 2 of this Agreement in such subsequent proceeding. I understand that the
18 | government will not preserve any physical evidence obtained in this case.

19 |     7.    I agree that the Court will use the Sentencing Guidelines to calculate my sentence. I
20 | understand that the Court must consult the Guidelines and take them into account when sentencing,
21 | together with the factors set forth in 18 U.S.C. § 3553(a). I also understand that the Court is not bound
22 | by the Guidelines calculations below, the Court may conclude that a higher Guidelines range applies to
23 | me, and, if it does, I will not be entitled, nor will I ask to withdraw my guilty plea. I agree that
24 | regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to
25 | withdraw my guilty plea. I also agree that the Sentencing Guidelines offense level will be calculated as
26 | follows and that I will not ask for any other adjustment to or reduction in the offense level or for a
27 | downward departure from the Guidelines range as determined by the Court. The parties have reached
28 | no agreement regarding my Criminal History Category.

6

Count One:

    a.    Base Offense Level, U.S.S.G. §2S1.1:        7 (§2B1.1(a)(1))

    b.    Specific offense characteristics under U.S.S.G. Ch. 2:    +14 (§2B1.1(b)(1)(H))
        (amount of loss)

        +1 (§2S1.1(b)(2)(B))
        (conviction for § 1957)

    c.    Adjustments under U.S.S.G. Ch. 3:    +2 (§3B1.3)
        (abuse of position of trust)
        +2 (§3C1.1)
        (obstruction of justice)

    d.    Acceptance of Responsibility: If I meet the requirements of U.S.S. G.§ 3E1.1, I may be entitled to a three level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing:    -3

    e.    The parties have reached no agreement on whether a 2-level enhancement for sophisticated means/substantial portion of scheme outside U.S. would apply under U.S.S.G. § 2B1.1(b)(10) and agree that that issue may be argued at sentencing.

    f.    Adjusted Offense Level:    23-25 depending on the applicability of § 2B1.1(b)(10)

Count Two:

    a.    Base Offense Level, U.S.S.G. §2S1.1:    14 (§2J1.2(a))

    b.    Specific offense characteristics under U.S.S.G. Ch. 2:    +3 (§2J1.2(b)(2))
        (substantial interference)

    c.    Adjustments under U.S.S.G. Ch. 3:    +2 (§3B1.3)
        (abuse of position of trust)

    d.    Acceptance of Responsibility: If I meet the requirements of U.S.S. G.§ 3E1.1, I may be entitled to a three level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing:    -3

    e.    The parties have reached no agreement on whether a 2-level enhancement for extensiveness of scope would apply under U.S.S.G. § 2J1.2(b)(3) and agree that the issue may be argued at sentencing.

    f.    Adjusted Offense Level:    16-18

7

Combined Offense Level:        23-25 depending on the
applicability of contested
sentencing enhancements

  8.  I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offense and the sentencing decision.

  9.  I agree to pay restitution for all the losses caused by all the schemes or offenses with which I was charged in this case, and I agree that the amount of restitution will not be limited to the loss attributable to the counts to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3). I agree to pay restitution in an amount to be set by the Court. I agree that any fine, forfeiture, or restitution imposed by the Court against me will be immediately due and payable and subject to immediate collection by the government and I understand that the government may seek immediate collection of the entire fine, forfeiture, or restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. Before or after sentencing, I will upon request of the Court, the government, or the Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

  10.  I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree not to have any contact with any victims or witnesses in this case, either directly or indirectly, before and after I am sentenced. This includes, but is not limited to, personal contact, telephone, mail, or electronic mail contact, or any other written form of communication, and includes any harassing, annoying, or intimidating conduct by me directed to any victims or witnesses. I agree that the Court

8

1  may also include this no-contact provision as a condition of my supervised release term. I agree that if I

2  fail to comply with any promises I have made in this Agreement, then the government will be released

3  from all of its promises in this Agreement, including those set forth in the Government's Promises

4  Section below, but I will not be released from my guilty plea.

5      11.    I agree to forfeit the following property (hereinafter "subject property"):

6      a.    $165,529.88 from my Fidelity Brokerage account, held in the name of Quantum

7  Investments;

8      b.    $306,000 held in trust by my attorney of record;

9      c.    $4745.92 from my PNC Bank Account, jointly held in the name of Shawn Bridges and a

10  person known to the parties.

11      I agree to provide a cashier's check made payable to the United States for the amounts listed

12  above in Paragraph 11 (a)-(c) to Assistant United States Attorney Arvon Perteet, United States

13  Attorney's Office, Northern District of California, 450 Golden Gate Avenue, San Francisco, California,

14  94102, with the criminal docket number noted on the face of the check within 48 hours of the entry of

15  my guilty plea.

16      I admit that the subject property constitutes money involved in money laundering and/or

17  proceeds from obstruction of justice and wire fraud, and thus is forfeitable to the United States pursuant

18  to the provisions of 18 U.S.S § 981(a)(1)(c), 18 U.S.C. § 982(a)(1)(A); 28, U.S.C. § 2461(c) and the

19  procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853. I

20  relinquish any and all right, title, and interest I may have in the subject property and agree that such

21  right, title, and interest can be forfeited to the United States without further notice to me. I also agree I

22  will not contest, nor assist anyone in contesting any administrative or judicial forfeiture proceeding

23  (whether criminal, civil, state or federal) which may be brought against said property. I further agree to

24  waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus,

25  or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds,

26  including that the forfeiture constitutes an excessive fine or punishment or that the forfeiture proceeding

27  was brought in violation of the statute of limitations.

28      I agree that the money involved in the wire transfers discussed above in Paragraph 2, is subject to

9

1   forfeiture, and I agree to pay a forfeiture money judgment in the amount of $651,000 (the "Forfeiture

2   Money Judgment"). I further agree that the assets identified in Paragraph 11 (a) - (c), which were

3   obtained through violations of money laundering, wire fraud, and obstruction of justice, can be forfeited

4   and will be used to offset the Forfeiture Money Judgment. I agree to fully assist the Government in

5   effectuating the payment of the Forfeiture Money Judgment. I will fully disclose all my assets to the

6   United States when requested, including completing a United States Department of Justice Financial

7   Statement under penalty of perjury after entering my guilty plea. If the United States discovers that I

8   have failed to disclose assets to which I have any interest (the "Undisclosed Assets"), I hereby consent

9   to the forfeiture of such Undisclosed Assets to the United States to satisfy the Forfeiture Money

10   Judgment. I admit that the Forfeiture Money Judgment constitutes the net proceeds that I obtained,

11   directly or indirectly as a result of violations of 18 U.S.C. § 1343, 18 U.S.C. § 1957, and 18 U.S.C. §

12   1512(c)(2), and/or are substitute asset as defined in 21 U.S.C. § 853(p) and 18 U.S.C § 982(b), and thus

13   are subject to forfeiture to the United States upon my guilty plea pursuant to this agreement. I agree that

14   all payments that I make towards the Forfeiture Money Judgment shall be made certified or bank check,

15   payable to the "United States" and sent by overnight delivery or certified U.S. Mail to United States

16   Attorney Arvon Perteet, United States Attorney's Office, Northern District of California, 450 Golden

17   Gate Avenue, San Francisco, California, 94102, with the criminal docket number noted on the face of

18   the check.

19       12.     I agree that this Agreement contains all of the promises and agreements between the

20   government and me, and I will not claim otherwise in the future. No modification of this Agreement

21   shall be effective unless it is in writing and signed by all parties.

22       13.     I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of

23   California and the United States Department of Justice, Public Integrity Section, only, and does not bind

24   any other federal, state, or local agency with the exception that the U.S. Attorney's Office for the

25   District of Maryland agrees that it will not file charges against the defendant for obstructing the

26   Baltimore Grand Jury's investigation into the Silk Road as recounted above in Paragraph 2 given that

27   the defendant is accounting for the conduct here in the instant plea.

28

10

The Government's Promises

14.     The government agrees not to file any additional charges against the defendant that could be filed for (1) his role in stealing money from Silk Road and Silk Road account holders on January 25 and 26, 2013, (2) for financial transactions conducted with the proceeds from these thefts from Silk Road and Silk Road account holders, and (3) for obstructing the investigations of, and for false statements to, the Baltimore Silk Road Task Force and the San Francisco-based investigation into Shaun Bridges and Carl M. Force, IV, that led to the captioned Information.

15.     The government agrees to recommend the Guideline calculations set out above, unless the defendant violates the terms of the Agreement above or fails to accept responsibility.

The Defendant's Affirmations

16.     I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

17.     I confirm that the while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

//

//

//

//

//

page 174

18. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 6/15/15

SHAUN W. BRIDGES
Defendant

MELINDA HAAG
United States Attorney

Dated: 6/15/15

KATHRYN HAUN
WILLIAM FRENTZEN
Assistant United States Attorneys

RAYMOND N. HULSER
Chief, Public Integrity Section
U.S. Department of Justice

Dated: 6/15/15

RICHARD B. EVANS
Trial Attorney

19. I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my client's decision to plead guilty is knowing and voluntary.

Dated: 6.15.15

STEVEN H. LEVIN, ESQ.
Levin and Curtlett, LLC
Attorney for Defendant

12

APPEAL,CLOSED,E-Filing

## U.S. District Court
## California Northern District (San Francisco)
## CRIMINAL DOCKET FOR CASE #: 3:15-cr-00319-RS All Defendants

Case title: USA v. Bridges et al
Magistrate judge case numbers: 3:15-mj-70370-MAG
3:15-mj-70370-MAG

Date Filed: 06/16/2015
Date Terminated: 12/07/2015

Assigned to: Hon. Richard Seeborg

Appeals court case number: 15-10590

### Defendant (1)

**Shaun W. Bridges**
*TERMINATED: 12/07/2015*
*also known as*
"Number13"
*TERMINATED: 12/07/2015*

represented by **Craig Denney**
Snell and Wilmer
50 W. Liberty Street
Suite 510
Reno, NV 89501
775-785-5440
Fax: 775-785-5441
Email: cdenney@swlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Davina Pujari**
Hanson Bridgett LLP
425 Market Street
26th Floor
San Francisco, CA 94105
415-777-3200
Fax: 415-541-9366
Email: dpujari@hansonbridgett.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Steven Hale Levin**
Levin and Curlett LLC
201 N. Charles Street
Suite 2000
Baltimore, MD 21201
410-685-0078
Email: slevin@levincurlett.com

*TERMINATED: 01/27/2016*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1957 - Money Laundering
(1)

18:1512(c)(2) - Obstruction of Justice
(2)

**Disposition**

Sentenced to the custody of the B.O.P.
for a period of 71 months, consisting of
terms of 71 months on Counts One and
Two, all counts to be served
concurrently. Upon release from
custody, defendant shall be placed on a
term of supervised release for a period
of 3 years, consisting of 3 years on each
of Counts One and Two, all such terms
to run concurrently. A special
assessment of $200 due immediately.
The court did not impose a fine.

Sentenced to the custody of the B.O.P.
for a period of 71 months, consisting of
terms of 71 months on Counts One and
Two, all counts to be served
concurrently. Upon release from
custody, defendant shall be placed on a
term of supervised release for a period
of 3 years, consisting of 3 years on each
of Counts One and Two, all such terms
to run concurrently. A special
assessment of $200 due immediately.
The court did not impose a fine.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Highest Offense Level (Terminated)**

None

**Complaints**

18:641 - Theft of Government Property,
18:1343 - Wire Fraud, 18:1956(h) -

**Disposition**

**Disposition**

Money Laundering, 18:208 - Conflict of
Interest

Assigned to: Hon. Richard Seeborg

### Defendant (2)

**Carl Mark Force, IV**
*TERMINATED: 10/19/2015*
*also known as*
"French Maid"
*TERMINATED: 10/19/2015*

represented by **Ivan Jules Bates**
201 N. Charles St. Suite 1900
Baltimore, MD 21201
410-814-4600
Email: Ivan@batesgarcia.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Loyst Patrick Fletcher**
Law Ofc Loyst P Fletcher
500 South Grand Avenue, Nineteenth
Floor
Los Angeles, CA 90071
213-683-5210
Email: loyst@lpfletcherlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

18:1956(a) - Money Laundering
(1)

### Disposition

Sentenced to custody of the Bureau of
Prisons for a period of 78 months,
consisting of 78 months on each of
Counts 1, 2, and 3, all counts to be
served concurrently; Upon release
defendant shall be placed on a term of
supervised release for a period of 3
years, consisting of terms of 3 years on
each of Counts 1, 2, and 3, all terms to
run concurrently; Special Assessment of
$300 due immediately; No Fine;
Defendant shall pay Restitution in the
amount of $303,000.

Sentenced to custody of the Bureau of
Prisons for a period of 78 months,
consisting of 78 months on each of
Counts 1, 2, and 3, all counts to be
served concurrently; Upon release

**page 178**

| | |
|---|---|
| 18:1512(c)(2) - Obstruction of Justice (2) | defendant shall be placed on a term of supervised release for a period of 3 years, consisting of terms of 3 years on each of Counts 1, 2, and 3, all terms to run concurrently; Special Assessment of $300 due immediately; No Fine; Defendant shall pay Restitution in the amount of $303,000. |
| 18:1951 - Extortion Under Color of Official Right (3) | Sentenced to custody of the Bureau of Prisons for a period of 78 months, consisting of 78 months on each of Counts 1, 2, and 3, all counts to be served concurrently; Upon release defendant shall be placed on a term of supervised release for a period of 3 years, consisting of terms of 3 years on each of Counts 1, 2, and 3, all terms to run concurrently; Special Assessment of $300 due immediately; No Fine; Defendant shall pay Restitution in the amount of $303,000. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:641 - Theft of Government Property, 18:1343 - Wire Fraud, 18:1956(h) - Money Laundering, 18:208 - Conflict of Interest | |

---

| **Plaintiff** | | |
|---|---|---|
| USA | represented by | **Kathryn R. Haun** 450 Golden Gate Ave PO Box 36055 San Francisco, CA 94102 415-436-6740 |

**page 179**

Email: kathryn.haun@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Richard B Evans**
DOJ
Criminal Division, Public Integrity
Section
1400 New York Ave NW
12th Floor
Washington, DC 20005
202-353-7760
Fax: 202-514-3003
Email: richard.b.evans@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**William Frentzen**
U.S. Attorney's Office, NDCA
Gang Strike Force Unit
450 Golden Gate Avenue
San Francisco, CA 94102
415-436-6959
Email: william.frentzen@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Arvon Jacque Perteet**
USAO
Asset Forfeiture
450 Golden Gate Avenue
Box 36055
San Francisco, CA 94102
415-436-6598
Fax: 415-436-7234
Email: arvon.perteet@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Stephanie M. Hinds**
Assistant United States Attorney
450 Golden Gate Avenue
Box 36055
San Francisco, CA 94102
415 436-6816

Email: stephanie.hinds@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2016 | 137 | MOTION to Unseal Document *UNITED STATES' MOTION TO UNSEAL RENEWED EMERGENCY MOTION FOR DEFENDANT'S IMMEDIATE REMAND AND ARREST AND ORDER* by USA as to Shaun W. Bridges. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Haun, Kathryn) (Filed on 6/30/2016) (Entered: 06/30/2016) |
| 06/16/2016 | 136 | Sealed Document (ddkS, COURT STAFF) (Filed on 6/16/2016) (Entered: 06/16/2016) |
| 06/14/2016 | 135 | Sealed Document as to Shaun W. Bridges, Carl Mark Force, IV (mjj2S, COURT STAFF) (Filed on 6/14/2016) (Entered: 06/14/2016) |
| 05/02/2016 | 134 | **ORDER granting 133 Motion for Forfeiture of Property as to Carl Mark Force IV (2). Signed by Judge Richard Seeborg on 5/2/16. (cl, COURT STAFF) (Entered: 05/02/2016)** |
| 04/27/2016 | 133 | MOTION for Forfeiture of Property *(APPLICATION OF THE UNITED STATES FOR A FINAL ORDER OF FORFEITURE)* by USA as to Carl Mark Force, IV. (Attachments: # 1 Proposed Order [PROPOSED] FINAL ORDER OF FORFEITURE)(Perteet, Arvon) (Filed on 4/27/2016) (Entered: 04/27/2016) |
| 04/02/2016 | 132 | Transcript of Proceedings as to Shaun W. Bridges held on August 31, 2015, before Judge Richard Seeborg. Court Reporter Belle Ball, CSR, CRR, RDR, belle_ball@cand.uscourts.gov, telephone number (415)373-2529. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 7/1/2016. (Related documents(s) 127 ) (Ball, Belle) (Filed on 4/2/2016) (Entered: 04/02/2016) |
| 03/22/2016 | 131 | Transcript of Proceedings as to Shaun W. Bridges, Carl Mark Force, IV held on 10/15/2015, before Magistrate Judge Maria-Elena James. Court Reporter/Transcriber Leo T. Mankiewicz, CSR, RMR, CRR, telephone number (415) 722-7045; email: leomank@gmail.com. FTR 10:23 a.m. - 10:39 a.m. = 13 minutes total. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 4/12/2016. Redacted Transcript Deadline set for 4/22/2016. Release of Transcript Restriction set for 6/20/2016. (Related documents(s) 126 ) |

**page 181**

| | | (Mankiewicz, Leo) (Filed on 3/22/2016) (Entered: 03/22/2016) |
|---|---|---|
| 03/22/2016 | 130 | Transcript of Proceedings as to Shaun W. Bridges, Carl Mark Force, IV held on 03/30/2015, before Magistrate Judge Maria-Elena James. Court Reporter/Transcriber Leo T. Mankiewicz, CSR, RMR, CRR, telephone number (415) 722-7045; email: leomank@gmail.com. FTR 9:53 a.m. - 9:56 a.m. and 10:46 a.m. - 10:54 a.m. = 11 minutes total. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 4/12/2016. Redacted Transcript Deadline set for 4/22/2016. Release of Transcript Restriction set for 6/20/2016. (Related documents(s) 126 ) (Mankiewicz, Leo) (Filed on 3/22/2016) (Entered: 03/22/2016) |
| 03/21/2016 | 129 | STIPULATION as to Carl Mark Force, IV *(SETTLEMENT AGREEMENT RE THIRD PARTY PETITION OF REGAN PATNO)* filed by USA. (Perteet, Arvon) (Filed on 3/21/2016) (Entered: 03/21/2016) |
| 03/01/2016 | 125 | Transcript Designation Form by Shaun W. Bridges for proceedings held on 3/30/15, 8/31/15, 10/9/15, 10/13/15, 10/15/15, and 12/7/15 before Judge Richard Seeborg, re 103 Notice of Appeal Transcript due by 3/31/2016. (Pujari, Davina) (Filed on 3/1/2016) (Entered: 03/01/2016) |
| 02/29/2016 | 124 | Sealed Document as to Shaun W. Bridges (ddkS, COURT STAFF) (Filed on 2/29/2016) (Entered: 03/01/2016) |
| 02/25/2016 | 123 | ORDER of USCA as to Shaun W. Bridges re 103 Notice of Appeal; The motion of the Federal Public Defender's Office to withdraw as counsel of record and to appoint new counsel is granted. Counsel Davina Pujari, Esq., is appointed as appellant's counsel of record for this appeal. (mjj2S, COURT STAFF) (Filed on 2/25/2016) (Entered: 02/25/2016) |
| 02/18/2016 | 122 | **Order for CJA appointment of and authority to pay court appointed counsel on appeal as to Shaun W. Bridges. Issued Nunc Pro Tunc 2/12/16. Signed by Judge Richard Seeborg on 2/18/16. (cl, COURT STAFF) (Filed on 2/18/2016) (Entered: 02/18/2016)** |
| 02/10/2016 | 121 | Judgment Returned Executed as to Carl Mark Force, IV on 12/16/2015. (mjj2S, COURT STAFF) (Filed on 2/10/2016) (Entered: 02/10/2016) |
| 02/03/2016 | 120 | Warrant Returned Executed on 1/28/2016 as to Shaun W. Bridges. (mjj2S, COURT STAFF) (Filed on 2/3/2016) (Entered: 02/04/2016) |
| 01/29/2016 | 119 | Unsealed Warrant as to Shaun W. Bridges Pursuant to 117 Order on Motion to Unseal Arrest Warrant (mjj2S, COURT STAFF) (Filed on 1/29/2016) (Entered: 02/02/2016) |
| 01/29/2016 | 118 | ORDER of USCA as to Shaun W. Bridges re 103 Notice of Appeal; Appellant's submission of a completed Form CJA 23 is construed as a motion |

|  |  | to proceed in forma pauperis. So construed, the motion is granted. The motion of appellant's retained counsel, Steven H. Levin, Esq., to withdraw as counsel of record and for appointment of new counsel is granted. Counsel will be appointed by separate order. (mjj2S, COURT STAFF) (Filed on 1/29/2016) (Entered: 01/29/2016) |
|---|---|---|
| 01/29/2016 | 117 | **ORDER granting 116 Motion to terminate defendant's motion for self-surrender and motion to unseal arrest warrant and order as to Shaun W. Bridges. Signed by Judge Richard Seeborg on 1/29/16. (cl, COURT STAFF) (Entered: 01/29/2016)** |
| 01/28/2016 | 116 | MOTION *(UNITED STATES MOTION TO TERMINATE DEFENDANTS MOTION FOR SELF-SURRENDER AND MOTION TO UNSEAL ARREST WARRANT AND [PROPOSED] ORDER)* by USA as to Shaun W. Bridges. (Hinds, Stephanie) (Filed on 1/28/2016) (Entered: 01/28/2016) |
| 01/27/2016 | 115 | Sealed Document (mjj2S, COURT STAFF) (Filed on 1/27/2016) (Entered: 01/27/2016) |
| 01/27/2016 | 114 | MOTION for Early Self-Surrender to FCI Berlin by Shaun W. Bridges as to Shaun W. Bridges, Carl Mark Force, IV. (Levin, Steven) (Filed on 1/27/2016) (Entered: 01/27/2016) |
| 01/26/2016 | 113 | **ORDER DENYING 111 MOTION as to Shaun W. Bridges. Signed by Judge Richard Seeborg on 1/26/16. (cl, COURT STAFF) (Entered: 01/26/2016)** |
| 01/26/2016 | 112 | Memorandum in Opposition by USA as to Shaun W. Bridges *[UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF ELECTRONIC MONITORING]* (Haun, Kathryn) (Filed on 1/26/2016) (Entered: 01/26/2016) |
| 01/25/2016 | 111 | MOTION for Early Termination of Electronic Monitoring by Shaun W. Bridges as to Shaun W. Bridges, Carl Mark Force, IV. (Levin, Steven) (Filed on 1/25/2016) (Entered: 01/25/2016) |
| 01/22/2016 | 110 | PAYMENT RECORD CARD : payment of Special Assessment Paid in Full in the amount of $200.00 paid on 1/15/2016 on behalf of Shaun W. Bridges (mjj2S, COURT STAFF) (Filed on 1/22/2016) (Entered: 01/22/2016) |
| 01/14/2016 | 109 | Transcript of Proceedings as to Shaun W. Bridges, held on 12/07/2015, before Judge Richard Seeborg. Court Reporter Kelly Polvi; telephone number 503.779.7406; kpolvi@comcast.net. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 4/13/2016. (Related documents(s) 102 ) (Polvi, Kelly) (Filed on 1/14/2016) (Entered: 01/14/2016) |
| 01/08/2016 | 108 | ORDER of USCA as to Shaun W. Bridges : the motion of Steven H. Levin to |

| | | |
|---|---|---|
| | | withdraw as appellant retained counsel is denied, etc. (lskS, COURT STAFF) (Filed on 1/8/2016) (Entered: 01/08/2016) |
| 12/22/2015 | 107 | **ORDER denying 105 Motion for Return of Property/PostTrial as to Shaun W. Bridges (1). Signed by Judge Richard Seeborg on 12/22/15. (cl, COURT STAFF) (Entered: 12/22/2015)** |
| 12/22/2015 | 106 | Memorandum in Opposition by USA as to Shaun W. Bridges re 105 MOTION for Return of Property/PostTrial (Evans, Richard) (Filed on 12/22/2015) (Entered: 12/22/2015) |
| 12/17/2015 | 105 | MOTION for Return of Property/PostTrial by Shaun W. Bridges. (Attachments: # 1 Proposed Order)(Levin, Steven) (Filed on 12/17/2015) (Entered: 12/17/2015) |
| 12/16/2015 | 104 | USCA Case Number as to Shaun W. Bridges 15-10590 for 103 Notice of Appeal filed by Shaun W. Bridges, and attached time schedule (lskS, COURT STAFF) (Filed on 12/16/2015) (Entered: 12/16/2015) |
| 12/15/2015 | 103 | NOTICE OF APPEAL by Shaun W. Bridges as to Shaun W. Bridges, Carl Mark Force, IV ( CJA Appeal.) Appeal Record due by 1/14/2016. (Levin, Steven) (Filed on 12/15/2015) (Entered: 12/15/2015) |
| 12/11/2015 | 102 | TRANSCRIPT ORDER for Court Reporter Kelly Polvi (Haun, Kathryn) (Filed on 12/11/2015) (Entered: 12/11/2015) |
| 12/10/2015 | 101 | Sealed Document (lskS, COURT STAFF) (Filed on 12/10/2015) (Entered: 12/11/2015) |
| 12/07/2015 | 100 | Minute Entry for proceedings held before Judge Hon. Richard Seeborg: Sentencing held on 12/7/2015 for Shaun W. Bridges (1); Count(s) 1, 2, Sentenced to the custody of the B.O.P. for a period of 71 months, consisting of terms of 71 months on Counts One and Two, all counts to be served concurrently. Upon release from custody, defendant shall be placed on a term of supervised release for a period of 3 years, consisting of 3 years on each of Counts One and Two, all such terms to run concurrently. A special assessment of $200 due immediately. The court did not impose a fine. Government's Motion to Remand the defendant is denied. (Court Reporter Kelly Polvi.) (mjj2S, COURT STAFF) (Filed on 12/7/2015) (Entered: 12/07/2015) |
| 12/07/2015 | 98 | **Sealing Order - General Order 54 as to Shaun W. Bridges.. Signed by Judge Richard Seeborg on 12/7/15. (cl, COURT STAFF) (Filed on 12/7/2015) (Entered: 12/07/2015)** |
| 12/07/2015 | 97 | **JUDGMENT in a Criminal Case as to Shaun W. Bridges. Signed by Judge Richard Seeborg on 12/7/15. (cl, COURT STAFF) (Filed on 12/7/2015) (Entered: 12/07/2015)** |
| 12/03/2015 | 99 | Sealed Document as to Shaun W. Bridges (mjj2S, COURT STAFF) (Filed on 12/3/2015) (Entered: 12/07/2015) |
| 12/02/2015 | 96 | **ORDER FOR NON-CUSTODIAL TRANSPORTATION as to Shaun W. Bridges. Signed by Judge Richard Seeborg on 12/2/15. (cl, COURT** |

| | | STAFF) (Filed on 12/2/2015) (Entered: 12/02/2015) |
|---|---|---|
| 12/02/2015 | 95 | CLERK'S NOTICE CONTINUING TIME ON SENTENCING HEARING as to Shaun W. Bridges. Sentencing set for 12/7/2015 AT 11:00 AM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 12/2/2015) (Entered: 12/02/2015) |
| 11/30/2015 | 94 | SENTENCING MEMORANDUM by USA as to Shaun W. Bridges (Evans, Richard) (Filed on 11/30/2015) (Entered: 11/30/2015) |
| 11/30/2015 | 93 | SENTENCING MEMORANDUM by Shaun W. Bridges (Attachments: # 1 Exhibit A, # 2 Exhibit B-1, # 3 Exhibit B-2, # 4 Exhibit B-3, # 5 Exhibit B-4, # 6 Exhibit B-5, # 7 Exhibit B-6, # 8 Exhibit B-7, # 9 Exhibit B-8, # 10 Exhibit C)(Levin, Steven) (Filed on 11/30/2015) (Entered: 11/30/2015) |
| 11/20/2015 | 91 | Transcript of Proceedings as to Carl Mark Force, IV held on October 19, 2015, before Judge Richard Seeborg. Court Reporter Belle Ball, CSR, CRR, RDR, belle_ball@cand.uscourts.gov, telephone number (415)373-2529. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 2/18/2016. (Related documents(s) 82 ) (Ball, Belle) (Filed on 11/20/2015) (Entered: 11/20/2015) |
| 11/20/2015 | 90 | **ORDER granting 89 Motion as to Shaun W. Bridges. Signed by Judge Richard Seeborg on 11/20/15. (cl, COURT STAFF) (Entered: 11/20/2015)** |
| 11/20/2015 | 89 | MOTION Noncustodial Transportation by Shaun W. Bridges. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Levin, Steven) (Filed on 11/20/2015) (Entered: 11/20/2015) |
| 11/03/2015 | 88 | **AMENDED JUDGMENT in a Criminal Case as to Carl Mark Force, IV. Signed by Judge Richard Seeborg on 11/3/15. (cl, COURT STAFF) (Filed on 11/3/2015) (Entered: 11/03/2015)** |
| 11/03/2015 | 87 | **STIPULATION AND ORDER as to Carl Mark Force to amend restitution and forfeiture. Signed by Judge Richard Seeborg on 11/3/15. (cl, COURT STAFF) (Filed on 11/3/2015) (Entered: 11/03/2015)** |
| 11/03/2015 | 86 | STIPULATION WITH PROPOSED ORDER as to Carl Mark Force, IV re 84 Judgment in a Criminal Case *(STIPULATED REQUEST TO AMEND RESTITUTION AND FORFEITURE AND [PROPOSED] ORDER)* filed by USA. (Perteet, Arvon) (Filed on 11/3/2015) (Entered: 11/03/2015) |
| 11/02/2015 | 85 | **Sealing Order - General Order 54 as to Carl Mark Force, IV. Signed by Judge Richard Seeborg on 11/2/15. (cl, COURT STAFF) (Filed on 11/2/2015) (Entered: 11/02/2015)** |
| 11/02/2015 | 84 | **JUDGMENT in a Criminal Case as to Carl Mark Force, IV. Signed by** |

| | | |
|---|---|---|
| | | **Judge Richard Seeborg on 11/2/15. (cl, COURT STAFF) (Filed on 11/2/2015) (Entered: 11/02/2015)** |
| 10/21/2015 | 83 | **Pretrial Services Form 8 by Brad Wilson as to Shaun W. Bridges for Modification of Defendant's Pretrial Release Conditions.. Signed by Magistrate Judge Maria-Elena James on 10/20/2015. (rmm2S, COURT STAFF) (Filed on 10/21/2015) (Entered: 10/21/2015)** |
| 10/21/2015 | 82 | TRANSCRIPT ORDER for Court Reporter Belle Ball (Haun, Kathryn) (Filed on 10/21/2015) (Entered: 10/21/2015) |
| 10/19/2015 | 81 | Minute Entry for proceedings held before Judge Hon. Richard Seeborg: Sentencing held on 10/19/2015 for Carl Mark Force, IV (2), Count(s) 1, 2, 3, Sentenced to custody of the Bureau of Prisons for a period of 78 months, consisting of 78 months on each of Counts 1, 2, and 3, all counts to be served concurrently; Upon release defendant shall be placed on a term of supervised release for a period of 3 years, consisting of terms of 3 years on each of Counts 1, 2, and 3, all terms to run concurrently; Special Assessment of $300 due immediately; No Fine; Defendant shall pay Restitution in the amount of $340,000. (Court Reporter Belle Ball.) (mjj2S, COURT STAFF) (Filed on 10/19/2015) (Entered: 10/19/2015) |
| 10/15/2015 | 80 | Minute Entry for proceedings held before Magistrate Judge Maria-Elena James:Probation Revocation Hearing - Initial Appearance as to Shaun W. Bridges held on 10/15/2015 (Recording #10:23-10:39.) (rmm2S, COURT STAFF) (Filed on 10/15/2015) (Entered: 10/15/2015) |
| 10/15/2015 | 79 | Supplemental MOTION for Continued Release re 78 MOTION For Continued Release by Shaun W. Bridges. (Attachments: # 1 Exhibit)(Levin, Steven) (Filed on 10/15/2015) (Entered: 10/15/2015) |
| 10/14/2015 | 78 | MOTION For Continued Release by Shaun W. Bridges as to Shaun W. Bridges, Carl Mark Force, IV. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Levin, Steven) (Filed on 10/14/2015) (Entered: 10/14/2015) |
| 10/09/2015 | 77 | Sealed Document as to Carl Mark Force, IV (mjj2S, COURT STAFF) (Filed on 10/9/2015) (Entered: 10/13/2015) |
| 10/09/2015 | 76 | SENTENCING MEMORANDUM by USA as to Carl Mark Force, IV (Haun, Kathryn) (Filed on 10/9/2015) (Entered: 10/09/2015) |
| 10/09/2015 | 75 | **ORDER to file exhibit to sentencing memorandum under seal as to Carl Mark Force, IV. Signed by Judge Richard Seeborg on 10/9/15. (cl, COURT STAFF) (Filed on 10/9/2015) (Entered: 10/09/2015)** |
| 10/09/2015 | 74 | Warrant Returned Executed on 10/8/15 as to Shaun W. Bridges. (rhw, COURT STAFF) (Filed on 10/9/2015) (Entered: 10/09/2015) |
| 10/09/2015 | | Set/Reset Hearing re Warrant Issued Preliminary Revocation/Bail Review Hearing set for 10/15/2015 10:00 AM in Courtroom B, 15th Floor, San Francisco before Magistrate Judge Maria-Elena James. (rmm2S, COURT |

**page 186**

| | | STAFF) (Filed on 10/9/2015) (Entered: 10/09/2015) |
|---|---|---|
| 10/09/2015 | 73 | Sealed document as to Carl Mark Force, IV. (Bates, Ivan) (Filed on 10/9/2015) Modified on 10/9/2015 (rhw, COURT STAFF). (Entered: 10/09/2015) |
| 10/09/2015 | 72 | Certificate of Service by USA as to Shaun W. Bridges *(PROOF OF PUBLICATION OF NOTICE OF FORFEITURE ACTION)* (Perteet, Arvon) (Filed on 10/9/2015) (Entered: 10/09/2015) |
| 10/06/2015 | 71 | Government's motion for immediate remand and arrest warrant of in the alternative for issuance of a bench warrant and a bail review hearing and order as to Shaun W. Bridges (rhw, COURT STAFF) (Filed on 10/6/2015) Modified on 10/9/2015 (rhw, COURT STAFF). (rhw, COURT STAFF). (Entered: 10/06/2015) |
| 09/24/2015 | 69 | **STIPULATION AND ORDER regarding in custody mental health evaluation as to Carl Mark Force, IV. Signed by Judge Richard Seeborg on 9/24/15. (cl, COURT STAFF) (Filed on 9/24/2015) (Entered: 09/24/2015)** |
| 09/23/2015 | 68 | STIPULATION as to Carl Mark Force, IV *[STIPULATION AND [PROPOSED] ORDER REGARDING IN CUSTODY MENTAL HEALTH EVALUATION]* filed by USA. (Haun, Kathryn) (Filed on 9/23/2015) (Entered: 09/23/2015) |
| 09/02/2015 | 67 | **ORDER granting 66 Motion for Forfeiture of Property as to Shaun W. Bridges.Signed by Judge Richard Seeborg on 9/2/15. (cl, COURT STAFF) (Entered: 09/02/2015)** |
| 09/02/2015 | 66 | MOTION for Forfeiture of Property *(APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE)* by USA as to Shaun W. Bridges. (Attachments: # 1 Proposed Order [PROPOSED] PRELIMINARY ORDER OF FORFEITURE)(Perteet, Arvon) (Filed on 9/2/2015) (Entered: 09/02/2015) |
| 09/01/2015 | 64 | MOTION for Return of Property/PostTrial by Shaun W. Bridges. (Attachments: # 1 Proposed Order)(Levin, Steven) (Filed on 9/1/2015) (Entered: 09/01/2015) |
| 08/31/2015 | 65 | Minute Entry for proceedings held before Judge Hon. Richard Seeborg: Change of Plea Hearing as to Shaun W. Bridges held on 8/31/2015; Plea entered by Shaun W. Bridges (1) Guilty Count 1,2. Government's motion to remand defendant is denied. Defendant is forbidden from changing any personal identification information. Government to submit a proposed order directing the Court of the additional pretrial release conditions. The Court maintains all conditions of pretrial release previously imposed. The matter is referred to the probation office for a PSR. Sentencing set for 12/7/2015 03:00 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. (Court Reporter Belle Ball.) (mjj2S, COURT STAFF) (Filed on 8/31/2015) (Entered: 09/01/2015) |
| | | |

| 08/31/2015 | 63 | **ORDER REGARDING ADDITIONAL CONDITIONS OF RELEASE PENDING SENTENCING as to Shaun W. Bridges. Signed by Judge Richard Seeborg on 8/31/15. (cl, COURT STAFF) (Filed on 8/31/2015) (Entered: 08/31/2015)** |
| 08/31/2015 | 62 | Proposed Order by USA as to Shaun W. Bridges *[PROPOSED] ORDER REGARDING ADDITIONAL CONDITIONS OF RELEASE PENDING SENTENCING* (Haun, Kathryn) (Filed on 8/31/2015) (Entered: 08/31/2015) |
| 08/31/2015 | 61 | Certificate of Service by USA as to Carl Mark Force, IV *(PROOF OF PUBLICATION OF NOTICE OF FORFEITURE ACTION)* (Perteet, Arvon) (Filed on 8/31/2015) (Entered: 08/31/2015) |
| 08/31/2015 | 60 | PLEA AGREEMENT as to Shaun W. Bridges (cl, COURT STAFF) (Filed on 8/31/2015) (Entered: 08/31/2015) |
| 08/31/2015 | 59 | WAIVER OF INDICTMENT by Shaun W. Bridges (mjj2S, COURT STAFF) (Filed on 8/31/2015) (Entered: 08/31/2015) |
| 08/31/2015 | 58 | Minute Entry for proceedings held before Magistrate Judge Joseph C. Spero: Arraignment as to Shaun W. Bridges (1) Count 1,2 held on 8/31/2015; Change of Plea Hearing previously set for 8/31/2015 at 03:00 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. (Recording #FTR 9:36-9:40.) (mjj2S, COURT STAFF) (Filed on 8/31/2015) **(Additional attachment(s) added on 9/1/2015: # 1 Amended Minutes - Including Plea)** (mjj2S, COURT STAFF). Modified on 9/1/2015 (mjj2S, COURT STAFF). (Entered: 08/31/2015) |
| 08/05/2015 | 57 | **ORDER granting 56 Motion for noncustodial transportation and subsistence expenses while in transit as to Shaun W. Bridges (1). Signed by Judge Hon. Richard Seeborg on 8/5/2015. (beS, COURT STAFF) (Entered: 08/05/2015)** |
| 08/05/2015 | 56 | Supplemental MOTION Noncustodial Transportation and Money for Subsistence Expenses re 55 Supplemental MOTION Noncustodial Transportation and Money for Subsistence Expenses re 53 MOTION Noncustodial Transportation and Money for Subsistence Expenses by Shaun W. Bridges. (Attachments: # 1 Declaration)(Levin, Steven) (Filed on 8/5/2015) (Entered: 08/05/2015) |
| 08/03/2015 | 55 | Supplemental MOTION Noncustodial Transportation and Money for Subsistence Expenses re 53 MOTION Noncustodial Transportation and Money for Subsistence Expenses by Shaun W. Bridges. (Attachments: # 1 Declaration)(Levin, Steven) (Filed on 8/3/2015) (Entered: 08/03/2015) |
| 07/30/2015 | 54 | Certificate of Service by USA as to Carl Mark Force, IV re 52 Order on Motion for Forfeiture of Property (Perteet, Arvon) (Filed on 7/30/2015) (Entered: 07/30/2015) |
| 07/27/2015 | 53 | MOTION Noncustodial Transportation and Money for Subsistence Expenses by Shaun W. Bridges as to Shaun W. Bridges, Carl Mark Force, IV. (Attachments: # 1 Proposed Order)(Levin, Steven) (Filed on 7/27/2015) |

| | | (Entered: 07/27/2015) |
|---|---|---|
| 07/09/2015 | 52 | **ORDER granting 50 Motion for Forfeiture of Property as to Carl Mark Force IV. Signed by Judge Richard Seeborg on 7/9/15. (cl, COURT STAFF) (Entered: 07/09/2015)** |
| 07/08/2015 | 51 | Letter from Ivan J. Bates *to The Honorable Jacqueline Scott Corley* as to Carl Mark Force, IV (Bates, Ivan) (Filed on 7/8/2015) (Entered: 07/08/2015) |
| 07/08/2015 | 50 | MOTION for Forfeiture of Property *(APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE)* by USA as to Carl Mark Force, IV. (Attachments: # 1 Proposed Order [PROPOSED] PRELIMINARY ORDER OF FORFEITURE)(Perteet, Arvon) (Filed on 7/8/2015) (Entered: 07/08/2015) |
| 07/01/2015 | 49 | Minute Entry for proceedings held before Judge Hon. Richard Seeborg: Change of Plea Hearing as to Carl Mark Force, IV held on 7/1/2015; Plea entered by Carl Mark Force IV (2) Guilty Count 1,2,3. The matter referred to the probation office for a PSR. Sentencing set for 10/19/2015 02:00 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. (Court Reporter Jo Ann Bryce.) (mjj2S, COURT STAFF) (Filed on 7/1/2015) (Entered: 07/01/2015) |
| 07/01/2015 | 48 | WAIVER OF INDICTMENT by Carl Mark Force, IV (mjj2S, COURT STAFF) (Filed on 7/1/2015) (Entered: 07/01/2015) |
| 07/01/2015 | 47 | Minute Entry for proceedings held before Magistrate Judge Maria-Elena James: Initial Appearance and Arraignment as to Carl Mark Force IV (2) Count 1,2,3 held on 7/1/2015; Plea entered by Carl Mark Force IV (2): Not Guilty on counts 1,2,3. Remanded to custody. Change of Plea Hearing previously set for 7/1/2015 at 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg (Recording #FTR 9:51-9:54.) (mjj2S, COURT STAFF) (Filed on 7/1/2015) (Entered: 07/01/2015) |
| 07/01/2015 | 46 | PLEA AGREEMENT as to Carl Mark Force, IV (cl, COURT STAFF) (Filed on 7/1/2015) (Entered: 07/01/2015) |
| 06/29/2015 | 45 | **STIPULATION AND ORDER REGARDING ADVANCING OF CHANGE OF PLEA HEARING AS TO CARL MARK FORCE. Change of Plea Hearing set for 7/1/2015 at 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Signed by Judge Hon. Richard Seeborg on 6/29/15. (cl, COURT STAFF) (Filed on 6/29/2015) (Entered: 06/29/2015)** |
| 06/29/2015 | 44 | STIPULATION WITH PROPOSED ORDER as to Carl Mark Force, IV *[STIPULATION AND [PROPOSED] ORDER REGARDING ADVANCING OF CHANGE OF PLEA HEARING]* filed by USA. (Haun, Kathryn) (Filed on 6/29/2015) (Entered: 06/29/2015) |
| 06/29/2015 | 43 | CLERK'S NOTICE resetting time on Change of Plea as to Carl Mark Force, IV. Change of Plea Hearing set for 7/1/2015 at 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. **This is a text only** |

| | | |
|---|---|---|
| | | entry. There is no document associated with this notice. (cl, COURT STAFF) (Filed on 6/29/2015) (Entered: 06/29/2015) |
| 06/23/2015 | | Status Conference Hearing vacated on 8/26/15 before Magistrate Judge Spero. (cl, COURT STAFF) (Filed on 6/23/2015) (Entered: 06/23/2015) |
| 06/23/2015 | 42 | **STIPULATION AND ORDER TO SET CHANGE OF PLEA AND ARRAIGNMENT HEARING as to Shaun W. Bridges. Arraignment set for 8/31/2015 at 09:30 AM in Courtroom G, 15th Floor, San Francisco before Magistrate Judge Joseph C. Spero. Change of Plea Hearing set for 8/31/2015 at 03:00 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Signed by Judge Richard Seeborg on 6/23/15.(cl, COURT STAFF) (Filed on 6/23/2015) (Entered: 06/23/2015)** |
| 06/23/2015 | 41 | **STIPULATION AND ORDER TO SET CHANGE OF PLEA as to Carl Mark Force, IV. Change of Plea Hearing set for 7/1/2015 at 02:00 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Signed by Judge Richard Seeborg on 6/23/15. (cl, COURT STAFF) (Filed on 6/23/2015) (Entered: 06/23/2015)** |
| 06/22/2015 | 40 | STIPULATION WITH PROPOSED ORDER as to Shaun W. Bridges, Carl Mark Force, IV *CORRECTION OF DOCKET # 39* filed by USA. (Haun, Kathryn) (Filed on 6/22/2015) (Entered: 06/22/2015) |
| 06/22/2015 | | Set/Reset Hearing re 38 Information - Felony Arraignment set for 7/1/2015 09:30 AM in Courtroom B, 15th Floor, San Francisco before Magistrate Judge Maria-Elena James. Initial Appearance set for 7/1/2015 09:30 AM in Courtroom B, 15th Floor, San Francisco before Magistrate Judge Maria-Elena James. (mjj2S, COURT STAFF) (Filed on 6/22/2015) (Entered: 06/22/2015) |
| 06/22/2015 | 39 | **ERRONEOUS FILING. REPLACED BY 40** STIPULATION WITH PROPOSED ORDER as to Shaun W. Bridges, Carl Mark Force, IV *[STIPULATION AND [PROPOSED] ORDER TO SET CHANGE OF PLEA HEARING ]* filed by USA. (Haun, Kathryn) (Filed on 6/22/2015) Modified on 6/23/2015 (mjj2S, COURT STAFF). (Entered: 06/22/2015) |
| 06/22/2015 | 38 | INFORMATION as to Carl Mark Force, IV (2) count(s) 1, 2, 3. (Attachments: # 1 Criminal Cover Sheet) (mjj2S, COURT STAFF) (Filed on 6/22/2015) (Entered: 06/22/2015) |
| 06/17/2015 | 37 | STIPULATION WITH PROPOSED ORDER as to Shaun W. Bridges *[SIPULATION AND [PROPOSED] ORDER TO SET CHANGE OF PLEA HEARING ]* filed by USA. (Haun, Kathryn) (Filed on 6/17/2015) (Entered: 06/17/2015) |
| 06/16/2015 | 36 | INFORMATION as to Shaun W. Bridges (2) count(s) 1, 2. (Attachments: # 1 Criminal Cover Sheet) (mjj2S, COURT STAFF) (Filed on 6/16/2015) (Entered: 06/16/2015) |
| 06/10/2015 | | Set/Reset Hearing: Status Conference reset for 8/26/2015 09:30 AM in Courtroom F, 15th Floor, San Francisco before Magistrate Judge Joseph C. |

| | | |
|---|---|---|
| | | Spero. (ahm, COURT STAFF) (Filed on 6/10/2015) [3:15-mj-70370-MAG] (Entered: 06/10/2015) |
| 06/10/2015 | 35 | **ORDER granting 34 Stipulation TO CONTINUE STATUS CONFERENCE AND FOR EXTENSION OF TIME UNDER RULE 5.1 AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT as to Carl Force (1) and Shaun W. Bridges (2). Signed by Magistrate Judge Jacqueline Scott Corley on 6/10/2015. (ahm, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 06/10/2015)** |
| 06/10/2015 | | Set/Reset Hearing: Status Conference reset for 8/26/2015 09:30 AM in Courtroom F, 15th Floor, San Francisco before Magistrate Judge Joseph C. Spero. (ahm, COURT STAFF) (Filed on 6/10/2015) [3:15-mj-70370-MAG] (Entered: 06/10/2015) |
| 06/10/2015 | 35 | **ORDER granting 34 Stipulation TO CONTINUE STATUS CONFERENCE AND FOR EXTENSION OF TIME UNDER RULE 5.1 AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT as to Carl Force (1) and Shaun W. Bridges (2). Signed by Magistrate Judge Jacqueline Scott Corley on 6/10/2015. (ahm, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 06/10/2015)** |
| 06/10/2015 | 34 | STIPULATION WITH PROPOSED ORDER as to Shaun W. Bridges *TO CONTINUE STATUS CONFERENCE AND FOR EXTENSION OF TIME UNDER RULE 5.1 AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT.* (Levin, Steven) (Filed on 6/10/2015) [3:15-mj-70370-MAG] (Entered: 06/10/2015) |
| 05/20/2015 | 33 | **ORDER granting 29 Motion for Medical Treatment as to Carl Mark Force IV (1). Signed by Magistrate Judge Jacqueline Scott Corley on 5/20/2015. (ahm, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 05/20/2015)** |
| 05/20/2015 | | Set/Reset Hearing: Status Conference reset for 6/11/2015 09:30 AM in Courtroom F, 15th Floor, San Francisco before Magistrate Judge Jacqueline Scott Corley. (ahm, COURT STAFF) (Filed on 5/20/2015) [3:15-mj-70370-MAG] (Entered: 05/20/2015) |
| 05/20/2015 | 32 | **ORDER granting 30 Stipulation TO CONTINUE STATUS CONFERENCE AND FOR EXTENSION OF TIME UNDER RULE 5.1 AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT. Signed by Magistrate Judge Jacqueline Scott Corley on 5/20/2015. (ahm, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 05/20/2015)** |
| 05/20/2015 | | Set/Reset Hearing: Status Conference reset for 6/11/2015 09:30 AM in Courtroom F, 15th Floor, San Francisco before Magistrate Judge Jacqueline Scott Corley. (ahm, COURT STAFF) (Filed on 5/20/2015) [3:15-mj-70370-MAG] (Entered: 05/20/2015) |
| 05/20/2015 | 32 | **ORDER granting 30 Stipulation TO CONTINUE STATUS CONFERENCE AND FOR EXTENSION OF TIME UNDER RULE 5.1** |

| | | |
|---|---|---|
| | | **AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT.** Signed by Magistrate Judge Jacqueline Scott Corley on 5/20/2015. (ahm, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 05/20/2015) |
| 05/19/2015 | 31 | RESPONSE to Motion by USA as to Carl Mark Force, IV re 29 First MOTION for Medical Treatment *Motion for Court Order for Defendant's Medication* (Evans, Richard) (Filed on 5/19/2015) [3:15-mj-70370-MAG] (Entered: 05/19/2015) |
| 05/19/2015 | 30 | STIPULATION WITH PROPOSED ORDER as to Shaun W. Bridges *TO CONTINUE STATUS CONFERENCE AND FOR EXTENSION OF TIME UNDER RULE 5.1 AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT.* (Levin, Steven) (Filed on 5/19/2015) [3:15-mj-70370-MAG] (Entered: 05/19/2015) |
| 05/12/2015 | 29 | First MOTION for Medical Treatment *Motion for Court Order for Defendant's Medication* by Carl Mark Force, IV as to Carl Mark Force, IV, Shaun W. Bridges. (Bates, Ivan) (Filed on 5/12/2015) [3:15-mj-70370-MAG] (Entered: 05/12/2015) |
| 05/12/2015 | 29 | First MOTION for Medical Treatment *Motion for Court Order for Defendant's Medication* by Carl Mark Force, IV as to Carl Mark Force, IV, Shaun W. Bridges. (Bates, Ivan) (Filed on 5/12/2015) [3:15-mj-70370-MAG] (Entered: 05/12/2015) |
| 05/11/2015 | 28 | **ORDER granting 27 Joint Stipulated Protective Order as to Carl Mark Force IV (1), Shaun W. Bridges (2). Signed by Magistrate Judge Jacqueline Scott Corley on 5/11/2015. (ahm, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 05/11/2015)** |
| 05/11/2015 | 27 | STIPULATION WITH PROPOSED ORDER as to Carl Mark Force, IV, Shaun W. Bridges *RE: Discovery* filed by Shaun W. Bridges. (Levin, Steven) (Filed on 5/11/2015) [3:15-mj-70370-MAG] (Entered: 05/11/2015) |
| 05/11/2015 | 28 | **ORDER granting 27 Joint Stipulated Protective Order as to Carl Mark Force IV (1), Shaun W. Bridges (2). Signed by Magistrate Judge Jacqueline Scott Corley on 5/11/2015. (ahm, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 05/11/2015)** |
| 05/11/2015 | 27 | STIPULATION WITH PROPOSED ORDER as to Carl Mark Force, IV, Shaun W. Bridges *RE: Discovery* filed by Shaun W. Bridges. (Levin, Steven) (Filed on 5/11/2015) [3:15-mj-70370-MAG] (Entered: 05/11/2015) |
| 05/01/2015 | 26 | MEMORANDUM *in Support of Pretrial Detention* by USA as to Carl Mark Force, IV (Evans, Richard) (Filed on 5/1/2015) [3:15-mj-70370-MAG] (Entered: 05/01/2015) |
| 04/30/2015 | | Set/Reset Hearing Status Conference as to Shaun Bridges is rescheduled to 5/27/2015 09:30 AM in Courtroom F, 15th Floor, San Francisco before Magistrate Judge Jacqueline Scott Corley. (shyS, COURT STAFF) (Filed on 4/30/2015) [3:15-mj-70370-MAG] (Entered: 04/30/2015) |
| | | |

| 04/30/2015 | 25 | **ORDER to Continue Status Conference and for Extension of Time Under Rule 5.1 and Exlusion of Time Under The Speedy Trial Act signed by Magistrate Judge Elizabeth D. Laporte: granting 20 Stipulation as to Shaun W. Bridges. (shyS, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 04/30/2015)** |
|---|---|---|
| 04/29/2015 | 24 | **Stipulated ORDER Excluding Time Under the Speedy Trial Act from 4/29/2015 to 5/27/2015 as to Carl Mark Force, IV. Signed by Judge Magistrate Judge Elizabeth D. Laporte on 4/29/2015. (mjj2S, COURT STAFF) (Filed on 4/29/2015) [3:15-mj-70370-MAG] (Entered: 04/29/2015)** |
| 04/29/2015 | 23 | Minute Entry for proceedings held before Magistrate Judge Elizabeth D. Laporte: Detention Hearing as to Carl Mark Force, IV held on 4/29/2015; Remanded to custody. Status Conference set for 5/27/2015 09:30 AM in Courtroom F, 15th Floor, San Francisco before Magistrate Judge Jacqueline Scott Corley. (Recording #FTR 9:54-9:57 & 1:38-2:48.) (mjj2S, COURT STAFF) (Filed on 4/29/2015) [3:15-mj-70370-MAG] (Entered: 04/29/2015) |
| 04/29/2015 | 22 | Declaration of SPECIAL AGENT TIGRAN GAMBARYAN in Support of 21 Notice (Other) by USA as to Carl Mark Force, IV *[EXHIBIT A - AFFIDAVIT OF SPECIAL AGENT TIGRAN GAMBARYAN IN SUPPORT OF DOCUMENTS SUBMITTED AT DETENTION HEARING]* (Haun, Kathryn) (Filed on 4/29/2015) [3:15-mj-70370-MAG] (Entered: 04/29/2015) |
| 04/29/2015 | 21 | NOTICE *[GOVERNMENT'S SUPPLEMENTAL FILING IN SUPPORT OF PRETRIAL DETENTION ]* by USA as to Carl Mark Force, IV (Haun, Kathryn) (Filed on 4/29/2015) [3:15-mj-70370-MAG] (Entered: 04/29/2015) |
| 04/29/2015 | | Set/Reset Hearing Detention Hearing as to Carl Mark Force set for 4/29/2015 at 1:30 PM in Courtroom E, 15th Floor, San Francisco before Magistrate Judge Elizabeth D. Laporte. (shyS, COURT STAFF) (Filed on 4/29/2015) [3:15-mj-70370-MAG] (Entered: 04/29/2015) |
| 04/29/2015 | 20 | Consent MOTION to Continue *Status Hearing Date* by Shaun W. Bridges. (Levin, Steven) (Filed on 4/29/2015) [3:15-mj-70370-MAG] (Entered: 04/29/2015) |
| 04/28/2015 | 19 | Sealed Document as to Carl Mark Force, IV, Shaun W. Bridges (mjj2S, COURT STAFF) (Filed on 4/28/2015) [3:15-mj-70370-MAG] (Entered: 04/29/2015) |
| 04/28/2015 | 18 | Minute Entry for proceedings held before Magistrate Judge Elizabeth D. Laporte: Initial Appearance and ID of Counsel Hearing as to Carl Mark Force, IV held on 4/28/2015; Advised of rights and charges. True name is Carl Force. Remanded to custody. Detention Hearing set for 4/29/2015 at 9:30 AM in Courtroom E, 15th Floor, San Francisco before Magistrate Judge Elizabeth D. Laporte. (Recording #FTR 9:49-9:53.) (mjj2S, COURT STAFF) (Filed on 4/28/2015) [3:15-mj-70370-MAG] (Entered: 04/28/2015) |
| 04/28/2015 | 17 | NOTICE *[REDACTED UNITED STATES' MOTION IN SUPPORT OF DETENTION]* by USA as to Carl Mark Force, IV, Shaun W. Bridges (Haun, |

| | | Kathryn) (Filed on 4/28/2015) [3:15-mj-70370-MAG] (Entered: 04/28/2015) |
|---|---|---|
| 04/28/2015 | 19 | Sealed Document as to Carl Mark Force, IV, Shaun W. Bridges (mjj2S, COURT STAFF) (Filed on 4/28/2015) [3:15-mj-70370-MAG] (Entered: 04/29/2015) |
| 04/28/2015 | 17 | NOTICE *[REDACTED UNITED STATES' MOTION IN SUPPORT OF DETENTION]* by USA as to Carl Mark Force, IV, Shaun W. Bridges (Haun, Kathryn) (Filed on 4/28/2015) [3:15-mj-70370-MAG] (Entered: 04/28/2015) |
| 04/27/2015 | | Set/Reset Hearing Initial Appearance as to Carl Mark Force, IV set for 4/28/2015 at 9:30 AM in Courtroom E, 15th Floor, San Francisco before Magistrate Judge Elizabeth D. Laporte. Detention Hearing set for 4/29/2015 at 9:30 AM in Courtroom E, 15th Floor, San Francisco before Magistrate Judge Elizabeth D. Laporte. (shyS, COURT STAFF) (Filed on 4/27/2015) [3:15-mj-70370-MAG] (Entered: 04/27/2015) |
| 04/27/2015 | 16 | Sealed Document as to Shaun W..Bridges (mjj2S, COURT STAFF) (Filed on 4/27/2015) [3:15-mj-70370-MAG] (Entered: 04/27/2015) |
| 04/27/2015 | 15 | Sealed Document as to Shaun W. Bridges (mjj2S, COURT STAFF) (Filed on 4/27/2015) [3:15-mj-70370-MAG] (Entered: 04/27/2015) |
| 04/21/2015 | 14 | Arrest Warrant Returned Executed on 3/30/2015 as to Shaun W. Bridges. (mjj2S, COURT STAFF) (Filed on 4/21/2015) [3:15-mj-70370-MAG] (Entered: 04/22/2015) |
| 04/17/2015 | 13 | NOTICE OF ATTORNEY APPEARANCE Richard B Evans appearing for USA. (Evans, Richard) (Filed on 4/17/2015) [3:15-mj-70370-MAG] (Entered: 04/17/2015) |
| 04/17/2015 | 13 | NOTICE OF ATTORNEY APPEARANCE Richard B Evans appearing for USA. (Evans, Richard) (Filed on 4/17/2015) [3:15-mj-70370-MAG] (Entered: 04/17/2015) |
| 04/16/2015 | 12 | **ORDER granting 10 Motion for Pro Hac Vice as to Carl Mark Force IV (1). Signed by Magistrate Judge Nandor J. Vadas on 4/16/2015. (ahm, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 04/16/2015)** |
| 04/07/2015 | 11 | Rule 5(c)(3)Documents Received as to Carl Mark Force, IV (mjj2S, COURT STAFF) (Filed on 4/7/2015) [3:15-mj-70370-MAG] (Entered: 04/07/2015) |
| 04/03/2015 | 10 | MOTION for Leave to Appear in Pro Hac Vice Attorney: IVAN BATES. ( Filing fee $ 305, receipt number 0971-9417107.) by Carl Mark Force, IV as to Carl Mark Force, IV, Shaun W. Bridges. Motion Hearing set for 5/5/2015 09:00 AM before Magistrate Judge. (Bates, Ivan) (Filed on 4/3/2015) [3:15-mj-70370-MAG] (Entered: 04/03/2015) |
| 04/03/2015 | | Set/Reset Hearing re 9 Order on Stipulation Initial Appearance set for 5/5/2015 09:30 AM in Courtroom F, 15th Floor, San Francisco before Magistrate Judge Jacqueline Scott Corley. (rmm2S, COURT STAFF) (Filed on 4/3/2015) [3:15-mj-70370-MAG] (Entered: 04/03/2015) |

| 04/03/2015 | 9 | **ORDER granting 8 Stipulation as to Carl Mark Force IV (1). Signed by Magistrate Judge Maria-Elena James on 4/3/2015. (rmm2S, COURT STAFF) [3:15-mj-70370-MAG] (Entered: 04/03/2015)** |
|---|---|---|
| 04/03/2015 | 8 | STIPULATION WITH PROPOSED ORDER *TO CONTINUE STATUS CONFERENCE AND FOR EXTENSION OF TIME UNDER RULE 5.1 AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT* filed by USA. (Haun, Kathryn) (Filed on 4/3/2015) [3:15-mj-70370-MAG] (Entered: 04/03/2015) |
| 04/03/2015 | 10 | MOTION for Leave to Appear in Pro Hac Vice Attorney: IVAN BATES. ( Filing fee $ 305, receipt number 0971-9417107.) by Carl Mark Force, IV as to Carl Mark Force, IV, Shaun W. Bridges. Motion Hearing set for 5/5/2015 09:00 AM before Magistrate Judge. (Bates, Ivan) (Filed on 4/3/2015) [3:15-mj-70370-MAG] (Entered: 04/03/2015) |
| 03/31/2015 | 7 | **Application and Order to Unseal Document 3 re Sealed Paragraph from affidavit as to Carl Mark Force, IV, Shaun W. Bridges. Signed by Judge Magistrate Judge Maria-Elena James on 3/31/2015. (mjj2S, COURT STAFF) (Filed on 3/31/2015) [3:15-mj-70370-MAG] (Entered: 04/01/2015)** |
| 03/31/2015 | 7 | **Application and Order to Unseal Document 3 re Sealed Paragraph from affidavit as to Carl Mark Force, IV, Shaun W. Bridges. Signed by Judge Magistrate Judge Maria-Elena James on 3/31/2015. (mjj2S, COURT STAFF) (Filed on 3/31/2015) [3:15-mj-70370-MAG] (Entered: 04/01/2015)** |
| 03/31/2015 | 6 | **ORDER GRANTING APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE as to Shaun W. Bridges (Receipt Number 34611104083 $305.00). Signed by Judge Magistrate Judge Maria-Elena James on 3/31/2015. (rmm2S, COURT STAFF) (Filed on 3/31/2015) Modified on 4/1/2015 Note: Local Counsel Denney needs to register with this court.(mjj2S, COURT STAFF). [3:15-mj-70370-MAG] (Entered: 03/31/2015)** |
| 03/30/2015 | | Arrest of Carl Mark Force, IV in District of Maryland. (mjj2S, COURT STAFF) (Filed on 3/30/2015) [3:15-mj-70370-MAG] (Entered: 04/07/2015) |
| 03/30/2015 | 5 | **ORDER Setting Conditions of Release as to Shaun W. Bridges (2) $500,000 unsecured. Signed by Judge Magistrate Judge Maria-Elena James on 3/30/15. (rhwS, COURT STAFF) (Filed on 3/30/2015) [3:15-mj-70370-MAG] (Entered: 03/30/2015)** |
| 03/30/2015 | 4 | Minute Entry for proceedings held before Judge Magistrate Judge Maria-Elena James:Initial Appearance as to Shaun W. Bridges held on 3/30/2015, Added attorney Steven Hale Levin for Shaun W. Bridges. Government moved to unseal entire case--granted. Status Conference set for 5/5/2015 09:30 AM in Courtroom F, 15th Floor, San Francisco before Magistrate Judge Jacqueline Scott Corley. (Recording #FTR 9:53-9:56; 10:46-10:54.) (rhwS, COURT STAFF) (Filed on 3/30/2015) [3:15-mj-70370-MAG] (Entered: 03/30/2015) |
| 03/26/2015 | | Set/Reset Hearing re 1 Complaint (Sealed) Initial Appearance set for |

| | | |
|---|---|---|
| | | 3/30/2015 09:30 AM in Courtroom B, 15th Floor, San Francisco before Magistrate Judge Maria-Elena James. (rmm2S, COURT STAFF) (Filed on 3/26/2015) [3:15-mj-70370-MAG] (Entered: 03/26/2015) |
| 03/25/2015 | | CASE DESIGNATED for Electronic Filing. (rhwS, COURT STAFF) (Filed on 3/25/2015) [3:15-mj-70370-MAG] (Entered: 03/30/2015) |
| 03/25/2015 | 3 | **Sealing Application and Sealing Order (mjj2S, COURT STAFF) (Filed on 3/25/2015) Modified on 3/30/2015 (rhwS, COURT STAFF). Modified on 4/1/2015 (mjj2S, COURT STAFF) (mjj2S, COURT STAFF). [3:15-mj-70370-MAG] (Entered: 03/25/2015)** |
| 03/25/2015 | 2 | **Sealing Application and Order to Seal as to Carl Mark Force, IV, Shaun W. Bridges. Signed by Judge Magistrate Judge Maria-Elena James on 3/25/2015. (mjj2S, COURT STAFF) (Filed on 3/25/2015) (rhwS, COURT STAFF). [3:15-mj-70370-MAG] (Entered: 03/25/2015)** |
| 03/25/2015 | 1 | COMPLAINT as to Carl Mark Force, IV (1), Shaun W. Bridges (2). (mjj2S, COURT STAFF) (Filed on 3/25/2015) Modified on 3/30/2015 (rhwS, COURT STAFF). (rhwS, COURT STAFF). [3:15-mj-70370-MAG] (Entered: 03/25/2015) |
| 03/25/2015 | | CASE DESIGNATED for Electronic Filing. (rhwS, COURT STAFF) (Filed on 3/25/2015) [3:15-mj-70370-MAG] (Entered: 03/30/2015) |
| 03/25/2015 | 3 | **Sealing Application and Sealing Order (mjj2S, COURT STAFF) (Filed on 3/25/2015) Modified on 3/30/2015 (rhwS, COURT STAFF). Modified on 4/1/2015 (mjj2S, COURT STAFF) (mjj2S, COURT STAFF). [3:15-mj-70370-MAG] (Entered: 03/25/2015)** |
| 03/25/2015 | 2 | **Sealing Application and Order to Seal as to Carl Mark Force, IV, Shaun W. Bridges. Signed by Judge Magistrate Judge Maria-Elena James on 3/25/2015. (mjj2S, COURT STAFF) (Filed on 3/25/2015) (rhwS, COURT STAFF). [3:15-mj-70370-MAG] (Entered: 03/25/2015)** |
| 03/25/2015 | 1 | COMPLAINT as to Carl Mark Force, IV (1), Shaun W. Bridges (2). (mjj2S, COURT STAFF) (Filed on 3/25/2015) Modified on 3/30/2015 (rhwS, COURT STAFF). (rhwS, COURT STAFF). [3:15-mj-70370-MAG] (Entered: 03/25/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/26/2016 10:11:43 | | | |
| PACER Login: | cs0080:2529625:0 | Client Code: | 999985.366 |
| Description: | Docket Report | Search Criteria: | 3:15-cr-00319-RS |
| Billable Pages: | 17 | Cost: | 1.70 |

**page 196**

## CERTIFICATE OF FILING AND SERVICE

I certify that on August 5, 2016, I electronically filed the DEFENDANT-APPELLANT'S EXCERPTS OF RECORD VOLUME 2, PAGES 127-196 with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: August 5, 2016

_____
ISABEL HAAS